738 So.2d 657 (1999)
STATE of Louisiana
v.
Willie F. CURTIS.
No. 98-KA-1283.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1999.
*658 Thomas M. Calogero, New Orleans, Louisiana, Attorney for Appellant Willie F. Curtis.
Paul D. Connick, Jr., District Attorney, Rebecca J. BeckerCounsel of Record on Appeal, Terry Boudreaux, David P. Wolff, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State Of Louisiana.
Panel composed of Judges EDWARD A. DUFRESNE, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant, Willie F. Curtis, appeals from his conviction of possession of cocaine with intent to distribute. We affirm and remand.
On December 19, 1997, defendant was charged with one count of possession of cocaine, a violation of La. R.S. 40:967(C). He pled not guilty on January 5, 1998. On April 13, 1998, the State amended the Bill of Information to possession of cocaine with the intent to distribute, a violation of La. R.S. 40:967(A). On March 10, 1998, defendant filed a motion to suppress the cocaine.[1] The motion was denied following a hearing on May 5, 1998.
*659 Thereafter, on June 4, 1998, defendant withdrew his prior plea of not guilty, pled guilty to the amended charge, was advised of his constitutional rights and executed a "Waiver Of Constitutional Rights And Plea Of Guilty" form. Defendant reserved his right to appeal the denial of his suppression motion pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to serve 20 years imprisonment at hard labor, to run concurrent with a sentence which defendant was already serving in district court case number 97-7875.[2]
On June 25, 1998, the district attorney filed an habitual offender bill of information against the defendant, alleging that he was a second felony offender. Pursuant to the plea agreement for the cocaine charge, defendant admitted the allegations contained in the habitual offender bill of information. Defendant was advised of his rights and signed a waiver of constitutional rights form. The trial judge then vacated defendant's original sentence and imposed an enhanced sentence of 20 years imprisonment at hard labor, to be served concurrently with the sentence defendant was serving in 97-7875.
The evidence shows that on December 8, 1997, at approximately 11:57 p.m., Jefferson Parish Sheriffs Officers Jody Fruchtnicht and Brian Schuyler, stopped on Jefferson Highway a vehicle driven by defendant because the vehicle did not have a brake tag. Jamar Daniels occupied the front passenger seat of the car. Officer Fruchtnicht approached the vehicle on the driver's side, Officer Schuyler approached on the passenger's side. Officer Fruchtnicht ordered defendant and Daniels to exit the vehicle because it was an area known as both a high-crime and drug area. The defendant quickly exited the vehicle and met Officer Fruchtnicht at the rear of said vehicle. Daniels did not immediately get out of the car, so Officer Schuyler told Daniels again to exit the vehicle. As he walked to the passenger side, Officer Schuyler shone his flashlight into the vehicle during the time that Daniels was exiting the car, so that he could see Daniels' hands. Officer Schuyler testified that anytime someone is getting out of their car while he is standing next to the vehicle, he uses his flashlight to watch the person's hands for his own safety. Officer Fruchtnicht testified that Officer Schuyler advised him that "there was possible narcotics in the vehicle that he [Officer Schuyler] could visually see at the time." (R., pp. 24, 29, 37). After the officers saw the narcotics in the vehicle, defendant and Daniels were arrested, handcuffed and placed in the back seat of the police car. The narcotics were seized. The officers then seized a handgun which had been placed between the driver's seat and the center console.
On appeal, defendant asserts that the trial court erred in denying the warrantless search of the passenger compartment of the vehicle which he was operating. He contends that Officer Schuyler conducted an illegal search of his vehicle because the officer used a flashlight to illuminate the passenger side of the interior compartment of the defendant's vehicle. He argues that he was stopped for not having a brake tag and a search of the vehicle could not have provided any additional evidence relative to the traffic violation. Defendant cites Knowles v. Iowa, *660 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), in support of his arguments.
The State responds that the trial judge's denial of the motion to suppress was correct because the drugs were in plain view. It argues that the officers made a legal stop of the defendant's vehicle because the defendant committed a traffic violation and once defendant's vehicle was stopped, the officers were justified in ordering both the defendant and Daniels from the vehicle for officer safety. The State argues further that it was reasonable for the officer to use his flashlight to watch Daniels' hands as he exited the vehicle because the stop occurred near midnight in an area known for high crime and drug trafficking and, unlike defendant, Daniels did not immediately exit the vehicle.
The United States Constitution and the Louisiana Constitution prohibit unreasonable searches and seizures. U.S. Const. amend. IV; La. Const. of 1974, art. 1, § 5. La.C.Cr.P. art. 215.1(A) provides as follows:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
In the present case, the officers observed the defendant driving a vehicle without an inspection sticker (brake tag), in violation of La.R.S. 32:53(D). In State v. Richards, 97-1182 (La.App. 5th Cir. 4/15/98), 713 So.2d 514, 517, writ denied, 98-1452 (La.10/9/98), 726 So.2d 27, this Court stated that "[i]n general, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Therefore, the police, who had probable cause to believe that the defendant was driving a vehicle that did not bear an inspection sticker, acted reasonably in stopping the defendant. Furthermore, the officers had the authority to order both men out of the vehicle pending the completion of the traffic stop. State v. Richards, 713 So.2d at 517; Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 886, 137 L.Ed.2d 41 (1997).
The "plain view" doctrine permits a warrantless search if three requirements are met. In Texas v. Brown, 460 U.S. 730, 736-739, 103 S.Ct. 1535, 1540-1541, 75 L.Ed.2d 502 (1983), the United States Supreme Court discussed the "plain view" doctrine as follows:
... In the Coolidge plurality's view, the "plain view" doctrine permits the warrantless seizure by police of private possessions where three requirements are satisfied. First, the police officer must lawfully make an "initial intrusion" or otherwise properly be in a position from which he can view a particular area. Id., at 465-468, 91 S.Ct., at 2037-2039. Second, the officer must discover incriminating evidence "inadvertently," which is to say, he may not "know in advance the location of [certain] evidence and intend to seize it," relying on the plain-view doctrine only as a pretext. Id., at 470, 91 S.Ct., at 2040. Finally, it must be "immediately apparent" to the police that the items they observe may be evidence of a crime, contraband, or otherwise subject to seizure. Id., at 466, 91 S.Ct., at 2038.
Although inadvertence is a characteristic of most legitimate `plain-view' seizures, it is not a necessary condition. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 2304, 110 L.Ed.2d 112 (1990); See also State v. Stamp, 98-193, (La.App. 5th Cir. 7/28/98), 718 So.2d 531, 533. In Texas v. Brown, the police officer shone his flashlight into the car to better see both a green balloon held by defendant and an opened glove compartment. In that case, upon being approached by the officer, defendant who was holding a green balloon, dropped the balloon by his leg and then opened the glove compartment. The officer's conduct in shining his light into the car disclosed suspected narcotics. The *661 Court found the officer's conduct did not violate any of defendant's Fourth Amendment rights because it was not a search within the meaning of the Fourth Amendment and there was no legitimate expectation of privacy.
In State v. Bailey, 97-493 (La.App. 5th Cir. 11/12/97), 703 So.2d 1325, 1329, the police officer used his flashlight to look inside the passenger side of a vehicle, where he saw cocaine on the passenger seat. We found that the officer had not conducted an illegal search of the vehicle. One reason cited by the Court was that the cocaine was in plain view. We stated that "[t]his Court has held that, `if a vehicle is parked on a public street, an officer may stand beside it and look into the vehicle as may any member of the public.'" See also: State v. Hay good, 26, 102 (La.App. 2nd Cir. 8/17/94), 641 So.2d 1074, 1078, writ denied, 94-2373 (La.1/13/95), 648 So.2d 1337 ("[t]he mere illumination of a vehicle's interior with a flashlight does not violate any rights of a defendant").
In the present case, defendant was lawfully stopped for not having an inspection sticker on his vehicle's windshield. Officer Schuyler used his flashlight to illuminate the interior of the defendant's vehicle as a safety precaution since the passenger had not gotten out of the car. Under the jurisprudence, this does not constitute a search within the meaning of the Fourth Amendment. Therefore, the first of the three requirements held necessary for the plain view exception to apply is satisfied. Second, the officer "inadvertently" discovered the evidence. Finally, it was immediately apparent to the officer that the items observed "may be evidence of a crime, contraband, or otherwise subject to seizure." Texas v. Brown, 103 S.Ct. at 1541. Therefore, we find that the trial judge did not err in denying the defendant's motion to suppress the cocaine.
Finally, as noted by the State, Knowles is not applicable to the instant case. In Knowles, an officer stopped the defendant for speeding, but issued him a citation rather than arresting him. The officer then conducted a full search of the defendant's vehicle, which revealed drugs beneath the driver's seat. The Court concluded that such a procedure violated the protections afforded by the Fourth Amendment. In the present case, the contraband was in plain view on the passenger's side of the vehicle, not discovered after an inventory search of the defendant's vehicle.
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337, 339 (La.1975); State v. Boudreaux, 95-153 (La.App. 5th Cir. 9/20/95); 662 So.2d 22, 28.
The record reflects that defendant was not advised of the three-year time limit for filing an application for post conviction relief, as required by La.C.Cr.P. art. 930.8. This article dictates that, except under certain limited circumstances, a defendant must file his application for post-conviction relief within three years after his judgment of conviction. Section C provides that the trial judge shall inform defendant of this prescriptive period at the time of sentencing. However, the failure to inform the defendant is not a ground for vacating the sentence. Rather, the remedy is to remand the case with an instruction to the trial judge to inform defendant *662 of the provisions of Article 930.8 by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Birden, No. 95-1007 (La.App. 5th Cir. 5/15/96), 675 So.2d 1187, 1190-1191; State v. Crossley, 94-965 (La.App. 5th Cir. 3/15/95), 653 So.2d 631, 636-637, writ denied, 95-0959 (La.9/15/95), 660 So.2d 459.
The record also reflects that the sentence is illegally lenient for two reasons. The trial judge failed to require that the sentence be served without benefit of parole, probation or suspension of sentence for the first 5 years, as required by La. R.S. 40:967(B)(4)(b). See: State v. Rowell, 98-KA-780 (La.App. 5th Cir. 2/10/99), 729 So.2d 71. Further, it fails to require the sentence be served without benefit of probation or suspension of sentence as required by the habitual offender statute, La.R.S.15:529.1(G). However, the appellate courts are prohibited from acting to correct illegally lenient sentences where the prosecution has failed to preserve the issue for appeal by a motion or objection in the trial court. State v. Fraser, 484 So.2d 122 (La.1986); State v. Armant, 97-1256 (La.App. 5th Cir. 5/27/98), 719 So.2d 510, 519 State v. Harrell, 98-671, p. 9 (La.App. 5th Cir. 1/26/99), 727 So.2d 1231, 1999 WL 31239.[3]
Accordingly, the conviction for possession of cocaine with intent to distribute and the enhanced sentence for being a second felony offender are hereby affirmed. The case is remanded with an instruction to the trial judge to inform defendant of the provisions of C.Cr.P. article 930.8 by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice.
AFFIRMED AND REMANDED.
NOTES
[1] Although no motion to suppress is contained in this appellate record, on June 4, 1998 the defendant and the district attorney agreed that all motions pertinent to district court case number 97-7875, which is designated as 99-KA-45 on appeal to this Court, had been heard. (R., p. 43). Therefore, the motion to suppress is contained in appellate record number 99-KA-45, pp. 20-21. The transcript from the May 5, 1998 hearing on the motion to suppress was included in the present appellate record before this Court. (R., pp. 19-20).
[2] Although the minute entry/commitment reflects that the trial judge stated that the defendant's sentence was to be served without benefit of parole, probation or suspension of sentence, the transcript reflects that the trial judge did not state that the defendant's sentence would be served without those benefits. Where there is a discrepancy between the transcript and the minute entry, the transcript will prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983).
[3] The transcript reflects that, during both of the plea colloquies for the underlying charge and the habitual offender proceeding, the trial judge failed to advise defendant that the first five years of the sentence must be served without benefit of parole, probation or suspension of sentence. This is error under La. C.Cr.P. art. 556.1. However, the error is harmless because the sentence which the defendant received in both instances was illegally lenient when the trial judge failed to include the "without benefit" provisions in each sentence.