982 So.2d 821 (2008)
STATE of Louisiana
v.
Raymond SMITH.
No. 07-KA-815.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*823 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Jeffrey J. Hand, Assistant District Attorneys, Twenty-Fourth Judicial District Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Holli A. Herrle-Castillo, Louisiana Appellate Project, Marrero, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Defendant, Raymond Smith, pled guilty to one count of public bribery in violation of LSA-R.S. 14:118 and one count of possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A). These pleas were entered pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving defendant's right to appeal the denial of his pre-trial motions.[1]
FACTS:
At the hearing on the Motion to Suppress, Officer Scott Henning, of the Gretna Police Department, testified that he observed a pickup truck which disregarded a stop sign at the intersection of Lafayette and Gretna Boulevard. When the driver of the truck observed the police car, it slammed on its brakes and skidded to a stop in the middle of the intersection at which time Officer Henning proceeded to conduct a traffic stop. Officer Henning approached the passenger side of the vehicle and asked for identification from both the driver and passenger. Officer Henning testified that as the passenger, who was identified as defendant, handed over his identification, Officer Henning scanned his flashlight into the truck and observed a clear plastic baggie containing one white rock on top of a cigarette pack that was sitting in a cup holder on the dashboard of the vehicle.
Officer Henning ordered defendant out of the vehicle, handcuffed him, conducted a pat down search, and placed him in the back of his police unit. He then detained the driver in the same manner. Thereafter, Officer Henning retrieved the cigarette pack and baggie from the truck and conducted a field test of the rock, which was positive for cocaine. He placed defendant and the driver under arrest and advised them of their rights.
*824 Officer Henning found two Crown Royal bags in each of defendant's front pants pockets that contained over $4,000.00. Additionally, a subsequent strip search of defendant revealed several baggies containing off-white rock objects between the cheeks of his buttocks.
After his arrest, defendant was placed in a holding room at the Gretna police station while awaiting transport to the Jefferson Parish Correctional Center. Lieutenant J.R. Rogers testified that while defendant was in the room, defendant told Lieutenant Rogers to take $1,800.00 of the money that was seized from him by Officer Henning, split it between the three officers involved in the case, and release him.
At the conclusion of the hearing, the trial court denied defendant's Motion to Suppress. Defendant later pled guilty[2], reserving his right to appeal that ruling. This timely appeal followed.
LAW AND DISCUSSION:
Defendant argues the trial court erred in denying his Motions to Suppress the Evidence, namely the cocaine discovered during the strip search, and his statement to Lieutenant Rogers regarding the money. He contends there was no probable cause to arrest him because there was no evidence he had actual or constructive possession of the cocaine inside the truck, which he claims was owned by the driver, or that he knew about the cocaine[3]. Defendant asserts his arrest was illegal and, therefore, the cocaine seized as the result of a search incidental to arrest and his statement made after the unlawful arrest should have been suppressed.
When the constitutionality of a warrantless search or seizure is placed at issue by a Motion to Suppress the Evidence, the State bears the burden of proving the admissibility of any evidence seized without a warrant. LSA-C.Cr.P. art. 703(D); State v. Parnell, 07-37, (La.App. 5 Cir. 5/15/07), 960 So.2d 1091.[4] The exclusionary rule bars, as illegal fruit, physical and verbal evidence obtained either during or as a direct result of an unlawful invasion. Id. The trial court's decision to deny a Motion to Suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. *825 Bergman, 04-435, (La.App. 5 Cir. 10/12/04), 887 So.2d 127.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. Law enforcement officers are authorized to conduct investigatory stops, which allow officers to stop and interrogate a person who is reasonably suspected of criminal activity. LSA-C.Cr.P. art. 215.1; State v. Gray, 06-298, (La.App. 5 Cir. 10/31/06), 945 So.2d 798, writ denied, 06-2958 (La.9/14/07), 963 So.2d 993. "Reasonable suspicion" to stop is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference. Id. at 7, 945 So.2d at 801.
A violation of a traffic regulation provides reasonable suspicion to stop a vehicle. State v. Gray, supra. Once an officer has lawfully stopped a vehicle for a routine traffic violation, he is authorized to order both the driver and passenger out of the vehicle pending completion of the stop. State v. Gomez, 06-417, (La.App. 5 Cir. 11/28/06), 947 So.2d 81, citing Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997).
At the Motion to Suppress hearing, Officer Henning testified that he stopped the vehicle in which defendant was riding for disregarding a stop sign, a violation of LSA-R.S. 32:123. Thereafter, he approached the passenger side of the truck and requested identification from both the driver and defendant. He scanned his flashlight into the truck at which time he saw "a clear plastic baggie with at least one white rock" in plain view in a cup holder between the driver and defendant. The plain view doctrine is an exception to the warrant requirement and applies if (1) the police officer is lawfully in the place from which he views the object, and (2) it is immediately apparent, without close inspection, that the item is contraband. State v. Gray, supra at 7, 945 So.2d at 802. The record clearly reflects the vehicle in which defendant was a passenger was stopped for a traffic violation and, therefore, Officer Henning was lawfully in a place from which the cocaine could be viewed. The fact Officer Henning used a flashlight to illuminate the inside of the truck is inconsequential. See State v. Curtis, 98-1283, (La.App. 5 Cir. 6/1/99), 738 So.2d 657, writs denied, 99-1950 (La.12/17/99), 751 So.2d 873, and 99-2679 (La.3/31/00), 758 So.2d 810.
The plain view exception does not require a police officer to actually know that the object in plain view is contraband, but rather only requires that the officer have probable cause to believe that the item in question is contraband. Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983); State v. Taylor, 623 So.2d 952, 954 (La.App. 4 Cir. 1993).
At the hearing on the Motion to Suppress Officer Henning testified that he believed the rock to be contraband. Immediately after observing the rock in the clear baggie, Officer Henning ordered defendant out of the vehicle, handcuffed him, patted him down for weapons, and placed him in the back of his police unit. He detained the driver in the same manner.
A law enforcement officer may lawfully arrest a person without a warrant when he has probable cause to believe the person to be arrested has committed an offense. LSA-C.Cr.P. art. 213. Probable cause exists when the arresting officer has knowledge of facts and circumstances, *826 based upon reasonable and trustworthy information, that are sufficient to justify a man of average caution in believing that the person to be arrested has committed or is committing a crime. State v. Smith, 06-557, (La.App. 5 Cir. 11/28/06), 947 So.2d 95, writ denied, 06-2960 (La.9/14/07), 963 So.2d 993.
Once Officer Henning saw the cocaine in plain view in the vehicle between defendant and the driver, he had probable cause to arrest defendant for possession of cocaine. The subsequent strip search of defendant was a permissible search incidental to a lawful arrest; thus, the trial court properly denied the Motion to Suppress the Evidence obtained as a result of the strip search. Additionally, because defendant's arrest was lawful, the trial court did not err in denying the Motion to Suppress his statement.[5]
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case that requires remedial action.
CONCLUSION:
For the foregoing reasons, the defendant's convictions are affirmed.
AFFIRMED.
NOTES
[1] Defendant did not specify the pre-trial ruling that he wished to preserve for appeal, but rather simply reserved his right to appeal the denial of his motions. The record shows the only pre-trial ruling was the denial of the Motions to Suppress the evidence and statement. Thus, this ruling is properly reviewable on appeal. See State v. Joseph, 03-315, (La.5/16/03), 847 So.2d 1196 (per curiam). Furthermore, it is noted that although defendant filed several other pre-trial motions, no rulings were made upon the motions. If a defendant does not object to the trial court's failure to rule on a motion prior to trial, the motion is considered waived. State v. Wise, 05-221, p. 7 (La.App. 5 Cir. 10/6/05), 916 So.2d 290, 293.
[2] Pursuant to the plea agreement, defendant was sentenced to five years at hard labor for the public bribery conviction and ten years at hard labor, of which the first two years were imposed without the benefit of parole, probation, or suspension of sentence, for the possession with intent to distribute cocaine conviction. The sentences were ordered to run concurrently.

Defendant then stipulated to a multiple bill alleging he was a second felony offender and was sentenced to an enhanced ten years on the bribery conviction. This sentence was ordered to run concurrently with his sentence on the possession with intent to distribute cocaine conviction.
[3] Defendant's argument actually challenges the sufficiency of the evidence for his conviction as opposed to the correctness of the denial of his Motion to Suppress. Whether defendant knew of the cocaine in the truck and whether he was in actual or constructive possession of the cocaine found in the truck relate to the sufficiency of the evidence to prove the elements of the offense and not whether there was probable cause to arrest him. A plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. State v. Crosby, 338 So.2d 584 (La.1976). Therefore, because defendant pled guilty, he cannot challenge the sufficiency of the evidence. However, because defendant specifically reserved his right to appeal the pre-trial ruling on his Motions to Suppress we have reviewed the trial court's ruling on that motion.
[4] Writ No. 2007-KO-1417 was filed with the Louisiana Supreme Court on July 11, 2007. As of the date of this memorandum, the Supreme Court had not issued a ruling.
[5] It is noted that defendant filed a counseled generic Motion to Suppress the evidence and statement asserting, among other things, that the evidence was seized as the result of an illegal arrest and the statement was involuntary. Defendant also filed a Pro Se Motion to Suppress the Evidence claiming there was an unlawful search and seizure. The motions to suppress were submitted at the end of the hearing without argument. On appeal, defendant does not challenge the voluntariness of his statement, but only argues his statement was the result of an illegal arrest.