WALTER J. ROTHSCHILD, Judge.
| -Willis Lewis was charged in a bill of information by the Jefferson Parish District Attorney with three counts of indecent behavior with a juvenile, in violation of LSA-R.S. 14:81(A)(2). He pled not guilty at his arraignment. Defendant subsequently filed a motion to quash the bill of information and a motion to suppress evidence arguing: 1) the applicable statute was unconstitutionally vague, 2) the State violated defendant’s right to privacy and entrapped him into the commission of a crime, and 3) the governmental misconduct involved a violation of due process. Defendant also filed an amended motion to suppress the evidence with a memorandum in support thereof.
After a hearing, the trial court denied defendant’s motions. At that time, defendant moved to seek supervisory writs related to the trial court’s denial of his motions, and the court granted his motion. By decision rendered on January 20, 2010, this Court granted defendant’s writ in part only in relation to the issue regarding the applicable statute’s constitutionality. State v. Lewis, 09-1081 (La.App. 5 Cir. 01/14/10) (unpublished writ disposition). This Court found that the | ¡¡Attorney General’s office did not receive notice of the issue as required by LSA-R.S. 49:257(C). Ultimately, the trial court’s denial of the motion to quash was vacated and remanded to issue the Attorney General’s office the proper notice and an opportunity to respond to the constitutional challenge to *498 the statute. The Court denied the writ in all other respects.
On January 21, 2010, the trial court again denied defendant’s motion to quash after it received proper notice documenting that the Attorney General’s Office did not wish to respond to the matter. On that same day, defendant withdrew his not guilty plea and pled guilty under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to seek review of the governmental misconduct issues regarding entrapment, which were argued in his motions to quash the bill of information and suppress the evidence.[1] Defendant’s guilty plea was accepted by the trial court and he was sentenced to four years with the Department of Corrections. This timely appeal follows.
As the defendant did not proceed to trial on the merits, the pertinent facts were deduced from the bill of information, the waiver of rights form, and the guilty plea colloquy. On January 14, 26, 28, 2009, respectively, defendant transmitted an electronic textual communication or an electronic visual communication depicting lewd or lascivious conduct, text or images to a person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender with the intention of arousing or gratifying the sexual desires of either person.
|4By this appeal, defendant argues that the evidence produced by the State would be insufficient to convict him beyond reasonable doubt, under Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), because all of the evidence was produced through the State’s misconduct. He further submits that he did not intend to commit the crimes and he would not have but for being entrapped by the State’s investigators.
Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079, pp. 7-8 (La.App. 5 Cir. 7/27/10), 47 So.3d 455, 459, (citing State v. Wingerter, 05-697, pp. 5-6 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 665). A plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. State v. Smith, 07-815, p. 4 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 824 n. 3, writ denied, 08-927 (La.11/14/08), 996 So.2d 1088 (citing Crosby, supra). Therefore, a defendant cannot challenge the sufficiency of the evidence after he pleads guilty. Id. See also State v. Robinson, 09-1269, p. 6 (La.App. 4 Cir. 5/12/10), 38 So.3d 1138, 1141.
We are therefore unable to review defendant’s claims that the evidence was insufficient to support his conviction. *499 However, there is a basis for review of the trial court’s ruling on the motion to suppress. In Smith, 07-815 at 2, 4, 982 So.2d at 823-24 n. 1, 8, although the defendant’s argument was related to sufficiency of the evidence, which was unreviewable, this Court reviewed defendant’s motion to suppress finding that the defendant specifically reserved his right to appeal the denial of his motions and, further, that the motion to suppress was only one pre-trial motion filed and ruled upon. Similarly, in the instant case, the defendant reserved his right, under Crosby, to appeal the issue of governmental misconduct |5relative to entrapment, which was raised in his motions to quash the bill of information and to suppress the evidence.
Pursuant to Crosby, supra, a defendant may reserve his right to appeal an adverse prior ruling of the trial court. Id. A defendant who fails to specify which pretrial ruling he wishes to reserve for appeal as part of a guilty plea entered under Crosby is not precluded from review altogether, but his appellate review may be limited in scope. State v. Joseph, 03-315, p. 1 (La.5/16/03), 847 So.2d 1196 (per curiam ).
We find that defendant has preserved for review both the pre-trial ruling denying the motion to quash and the ruling denying the motion to suppress, as the issue of governmental misconduct relative to the entrapment defense was argued in both motions.
In his brief, defendant argues that he was entrapped by investigators, who contacted him in a chat room while pretending to be a 14-year-old female. Defendant asserts that he was not predisposed to committing a crime, and he did not believe that he was conversing with a minor because people on the internet often assume false identities. Defendant argues that he did not intend to commit a crime and that he was induced by the State when he otherwise had no propensity to commit a crime.
The State argues that the trial court properly denied defendant’s motion to suppress on the entrapment grounds. In support of its argument, the State cites State v. Bates, 301 So.2d 619, 621 (La.1974), which held that a motion to suppress may not be utilized to raise an entrapment defense in advance of trial.
On October 26, 2009, the trial court heard defendant’s motions to quash the bill of information and to suppress the evidence. Neither the defendant nor the State called any witnesses at the hearing. In lieu of argument, the defendant | fisubmitted and relied upon Defense Exhibit 1, which consisted of his original combined motions to quash the bill of information and to suppress the evidence, his amended motion to suppress the evidence and supporting memorandum, the interview with defendant, and documents generated by the investigator. The trial court then denied defendant’s motion to quash, finding that the issue of the constitutionality of the statute had been litigated and declared valid.
In his motion to quash, defendant raised the affirmative defense of entrapment. Defendant also argued that the State should be prohibited from prosecuting defendant due to its own misconduct. Specifically, defendant asserted that investigators violated his privacy, free speech, and due process rights by using information from the Internet in order to obtain a search warrant.
Defendant sought relief with this Court from the trial court’s rulings denying his motions to quash the bill of information and to suppress evidence. On January 14, 2010, this Court granted writs with instructions for the trial court to *500 properly notify the Attorney General’s Office of the constitutional challenge to the applicable statute, and to allow his Office the opportunity to respond.[2] The writ application, in case number 09-K-1081, was denied in all other respects[3] and provided the following with respect to defendant’s motion to quash the bill of information on the entrapment grounds:
The motion to quash is essentially a mechanism by which to raise pretrial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534; State v. Perez, 464 So.2d 737, 739-40 (La.1985). In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on |7the merits. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Perez, supra. Therefore, the trial court did not err in denying the motion to quash the bills of information on the defense of entrapment or the alleged lack of intent ...
Accordingly, for the reasons stated, the writ application is granted solely for the purpose of vacating the ruling denying the plea of unconstitutionality. The case is remanded to the District Court consistent with the views expressed herein regarding notice to the Attorney General’s Office. The writ application is otherwise denied.
Thereafter, the Louisiana Supreme court denied writs in the matter.[4]
This Court has already decided that defendant was not entitled to raise an entrapment defense in a pre-trial motion to quash the bill of information in case number 09-1081. In the same case, this Court has also previously decided that defendant’s alleged constitutional violations (free speech, privacy, and due process) were meritless and, further, that the government did not engage in misconduct which would require a bar to prosecuting defendant.[5]
Under the doctrine of “law of the case,” an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. State v. Doussan, 05-586, p. 7 (La.App. 5 Cir. 2/14/06), 924 So.2d 333, 339 n. 4, writ denied, 06-608 (La.10/13/06), 939 So.2d 372. The law of the case doctrine is dis *501 cretionary. State v. Lathers, 09-20, p. 3 (La.App. 5 Cir. 5/26/09), 15 So.3d 1068, 1070, writ denied, 09-1341 (La.2/12/10), 27 So.3d 841. The denial of a supervisory writ application does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue. Lathers, 09-20 at 3, 15 So.3d at 1070-71; State v. Jacobs, 04-1219, p. 7 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, 88, writ denied, 05-2072 (La.4/28/06), 927 So.2d 282, cert. denied, 549 U.S. 956, 127 S.Ct. 385, 166 L.Ed.2d 276 (2006). | ^Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. Jacobs, supra.
In the present case, except for information derived from the hearing on the motions to quash and suppress the evidence, this Court does not have the benefit of further information discovered at trial because the case did not proceed to trial.
After review of the record and all applicable law, we find that this Court’s ruling on defendant’s motion to quash, specific to the entrapment defense, which was issued on defendant’s pre-trial writ application, should not be disturbed. See State v. Louis, 05-141, p. 5 (La.App. 5 Cir. 7/26/05), 910 So.2d 464, 467 (where this Court declined to reconsider its prior ruling on the same issue since the defendant pled guilty before any trial testimony was taken and there was nothing additional for it to consider and the defendant failed to present evidence to show that this Court’s prior disposition was patently erroneous or produced unjust results). See also State v. Jones, 08-306, p. 7 (La.App. 5 Cir. 10/28/08), 998 So.2d 173, 177, writ denied, 08-2895 (La.9/4/09), 17 So.3d 947, cert. denied, — U.S. -, 130 S.Ct. 1519, 176 L.Ed.2d 126 (2010) (where this Court applied the law of the case doctrine and declined to reconsider the trial judge’s denial of motions because a review of the subsequent trial record showed that no new facts were produced that would indicate that the prior writ determination was patently erroneous, or that it produced unjust results); State v. Lande, 06-24, pp. 28-29 (La.App. 5 Cir. 6/28/06), 934 So.2d 280, 299, writ denied, 06-1894 (La.4/20/07), 954 So.2d 154 (where this Court declined to reconsider issues under law of the case after finding that the defendant neither offered any new arguments or jurisprudence that suggested that this Court’s pri- or rulings were erroneous nor had he cited any evidence presented at trial that would change the rulings); State v. Hollimon, 04-1195, p. 4 (La.App. 5 Cir. 3/29/05), 900 So.2d 999, 1001 (where this Court declined to reverse its previous ruling, recognizing that it had thoroughly analyzed the issue raised by the defendant previously and that there was no new evidence to warrant reconsideration of the same issue).
Accordingly, we decline to reconsider this Court’s prior ruling on this issue since there is nothing additional for us to consider. We find that defendant failed to present any new arguments, jurisprudence, or evidence to warrant reconsideration of the same issue or to suggest that the prior writ determination was patently erroneous, or that it produced unjust results.
In his prior writ application, defendant also requested review of the trial court’s denial of his motion to suppress the evidence. However, the “law of the case” doctrine does not apply to this issue because the defendant did not include a copy of his amended motion to suppress the evidence and memorandum in support of the amended motion. Therefore, this Court did not review those documents in making its decision.
*502 In the motion to suppress evidence, defendant alleged that the evidence the investigators gained from their search on the Internet to produce the search warrant was unconstitutionally obtained and should be suppressed. The trial court found that the issue was an issue to be taken up at trial. Defense counsel then stated: “... entrapment itself may be an issue for trial, and the courts have many times suggested that. But I believe this issue prior — the action of the police to actually get there, is a constitutional issue for this motion.” Ultimately, the court denied the motion to suppress evidence finding that there was nothing alleged by defendant to suggest that the search warrants were illegally executed or improperly obtained.
|inThe statutory ground for a motion to suppress evidence is an unconstitutional search and seizure. As a general rule, searches and seizures must be conducted pursuant to a validly executed search warrant or arrest warrant. State v. Holmes, 08-719, p. 6 (La.App. 5 Cir. 3/10/09), 10 So.3d 274, 278, writ denied, 09-816 (La.1/8/10), 24 So.3d 857. When evidence is seized pursuant to a search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. LSA-C.Cr.P. art. 703(D); State v. Johnson, 08-265 (La.App. 5 Cir. 8/19/08), 994 So.2d 595, 599. Further, the trial court’s decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of evidence clearly favors suppression. State v. Bellow, 07-824, p. 5 (La.App. 5 Cir. 3/11/08), 982 So.2d 826, 829. In addition, the plea of entrapment is a defense on the merits and may not be raised in a motion to suppress the evidence in advance of trial. State v. Copelin, 07-790, p. 5 (La.App. 4 Cir. 12/12/07), 974 So.2d 49, 52, writ denied, 08-104 (La.6/6/08), 983 So.2d 916 (citing State v. Bates, 301 So.2d 619 (La.1974)).
When the trial court denied defendant’s motion to suppress pursuant to the entrapment defense, it asserted that it believed that this particular issue was an issue for trial. Moreover, defense counsel accepted this contention. Therefore, we find that the trial court properly denied defendant’s motion as it related to the entrapment defense. Defendant raises no other issues regarding the motion to suppress evidence in its appellate brief other than entrapment. This assignment is therefore without merit.
A review of the record for errors patent pursuant to LSA-C.Cr.P. art. 920 reveals no errors which require corrective action. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
1 n Accordingly, for the reasons assigned herein, the conviction and sentence of defendant Willis Lewis are hereby affirmed.

AFFIRMED

. It is noted that the State argues that defendant’s guilty plea was not made pursuant to Crosby. The State cites State v. Smith, 09-168 (La.App. 5 Cir. 6/23/09), 19 So.3d 509, noting that defendant only made reference to a Crosby plea after the colloquy concluded and that the guilty plea form was void of any notation or stipulation that the plea was entered into under Crosby.
However, the guilty plea form in the instant case explicitly stipulates that the plea was made pursuant to Crosby. Specifically, defendant noted that the sentence was "4 years [sic] 4 years suspended under Crosby [sic] issue of governmental misconduct [sic] entrapment.” In addition, the trial court did discuss the Crosby plea in its colloquy with defendant. In particular, when the court notified defendant of his sentence, he also instructed the defendant that the plea would be under Crosby.
Therefore, we find Smith to be distinguishable and that the State’s argument lacks merit.

. The motion to quash the bill of information on the constitutionality of the statute was again denied after the trial court received evidence that the Attorney General's Office was notified and did not wish to respond to the issue.

. It is noted that defendant argued the entrapment defense as well as other constitutional issues in his writ application. Among the constitutional issues argued, addressed, and denied by this Court were violations of defendant’s freedom of speech, privacy, and due process rights.

. See State v. Lewis, 10-332 (La.9/24/10), 45 So.3d 1071.

.Although defendant alleged several issues regarding governmental misconduct in his writ application, which included entrapment and various constitutional violations, he does not argue anything other than entrapment in the current appeal. Therefore, any other issues that defendant might have raised as an assignment of error based on governmental misconduct may be considered abandoned by the panel. See State v. Jefferson, 03-820, p. 9 (La.App. 5 Cir. 1/27/04), 866 So.2d 931, 937, writ denied, 04-0727 (La.9/24/04), 882 So.2d 1166. (citations omitted).