MARION F. EDWARDS, Chief Judge.
| ¡.Defendant/appellant, Stephen Pineda (“Pineda”), appeals his conviction and sentence on a charge of possession of cocaine in violation of La. R.S. 40:967(C). Pineda entered a plea of guilty pursuant to State v. Crosby[1] after a motion to suppress was heard and denied by the trial court. Pine-da was sentenced to two years of imprisonment at hard labor that was deferred. He was then sentenced to two years of active probation, in addition to forty hours of community service and a substance abuse evaluation to determine whether treatment would be necessary.[2]
Pineda filed an appeal motion that was granted.
In Pineda’s only assignment of error, he asserts the motion to suppress should have been granted because the information in the anonymous tip received by the arresting officer alone, or coupled with the independent knowledge of the officer or other corroborating factors known to the officer, was insufficient to form |athe basis for reasonable suspicion to justify the stop and detention conducted that led to the arrest. Finding no merit in Pineda’s assignment of error, we affirm.
Deputy Jessica Lee, of the Jefferson Parish Sheriffs Office Second District Patrol Division, testified that, on November 16, 2010, she was on patrol when she received a call at approximately 11:00 p.m. concerning a possible crime in progress in her area. Deputy Lee testified that a complainant, who wished to remain “confidential,” called to report that a red four-door Chevrolet truck containing suspects, who were smoking “illegal drugs,” was *1166 parked in the back of a parking lot in an apartment complex at 650 Bellemeade. Deputy Lee stated that she was not familiar with the anonymous informant and did not know the informant’s name.
Deputy Lee further testified regarding the subject location of the truck noting, “[w]e have frequent callers about the activity back there. They are concerned about that apartment complex. We get numerous calls. If anything seems out of place people do call.” However, Deputy Lee testified that she could not remember any drug arrests she has made in that area in her three years on patrol of the Second District.
Upon receiving this information, and pursuant to protocol that requires an officer response to all calls received, Deputy Lee proceeded to the location identified by the confidential informant and immediately saw the red four-door Chevrolet. Deputy Lee testified that she arrived at the scene about six or seven minutes after receiving the anonymous phone call. Once on the scene, Deputy Lee exited her vehicle and began to approach the truck. The driver (Pineda) and one other passenger were seated inside the red Chevrolet. While approaching the red Chevrolet, Deputy Lee smelled marijuana and observed Pine-da throw something out the window. The deputy also heard Pineda state, “I’m done smoking our |4blunt,” a slang word for marijuana. Deputy Lee also testified that she observed both Pineda and the passenger making movements around in the car, and she could see the passenger reach around to the backseat of the vehicle. At that time, a second deputy arrived, and both subjects were asked to step out of the vehicle. While they were exiting the vehicle, Deputy Lee testified that she observed a white baggy in the center console of the car. According to Deputy Lee, she has had experience in conducting arrests for drug-related crimes, and concluded that, in her experience, the white substance appeared to be powder cocaine. Deputy Lee retrieved the bag, later discovered to be cocaine, and Pineda and the passenger were placed under arrest and informed of their rights under Miranda v. Arizona,[3] A search of the vehicle was then performed, and money and marijuana were seized.
At the conclusion of Deputy Lee’s testimony, Pineda argued to the trial court that the factors set forth by this Court to determine the credibility and reliability of anonymous tips were not met. Defense counsel argued that reasonable suspicion was lacking for Deputy Lee to report to the subject parking lot and stop Pineda.[4] The trial court denied Pineda’s motion to suppress finding as follows:
Once she gets a call and once she is dispatched to the scene she as [sic] got to do some investigation, and I think because of the fact that she testified the call was that there was a red pickup truck in the back of the parking lot, four-door red pickup truck, I think she acting within — she had enough reason and suspicion to go at least check it out, and I think once she got on the scene there she testified she could smell marijuana, and the statement made by the defendant.
[[Image here]]
I think once she got on the scene, and once she approached the vehicle and could smell what they believed to be marijuana, and heard the defendant make his statement that he just finished *1167 his blunt, and saw inside on the console what appeared to her to be powdered cocaine, I think that is enough on her part.
|5In brief to this Court, Pineda argues that the narcotics used to charge him were seized in violation of his Fourth and Fourteenth Amendment rights under the United States Constitution and Article I, § 5 of the Louisiana Constitution. Pineda contends that the anonymous tip provided in this case was insufficient to justify the stop under La.C.Cr.P. art. 215.1. Specifically, Pineda argues that there was insufficient descriptive information, and the arresting officer lacked corroborating information regarding Pineda and the area in which he was stopped.
In response, the State argues that Deputy Lee had sufficient information to make the initial stop. Specifically, at the time Deputy Lee arrived at the parking lot identified by the informant and began to approach the suspect vehicle, a stop had not yet occurred. The State further contends that reasonable suspicion was developed prior to any “seizure” when Deputy Lee continued to approach the vehicle and smelled what she believed to be marijuana and heard Pineda state that he had finished smoking his “blunt.” The State asserts that the smell of marijuana emanating from the vehicle provided Deputy Lee with probable cause to search the automobile pursuant to the automobile exception to the warrant requirement. Finally, the State asserts that the cocaine was in plain view inside the vehicle, and therefore, lawfully seized under the plain view exception.
In his reply brief, the focus of Pineda’s argument is that the call from an anonymous informant indicating that there were individuals sitting in a red four-door Chevrolet truck parked in the back of a parking lot in an apartment complex located at 650 Bellemeade, smoking “illegal drugs,” was insufficient to supply Deputy Lee with reasonable suspicion to make a stop. Pineda contends that the establishment of reasonable suspicion is determined at the point the officer chose to respond to the anonymous tip, and not upon the information that was gained once at the location provided by the caller. Thus, Pineda maintains that the proper Rquery is whether the officer had sufficient grounds to be at the subject location in the first place.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial.[5] In a hearing on a motion to suppress evidence seized without a warrant, the State bears the burden of proving that an exception to the warrant requirement applies.[6] The United States Supreme Court has recognized the investigatory stop as an exception to the warrant requirement.[7] Under Louisiana law, a law enforcement officer may stop and question a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit a criminal offense.[8]
Investigatory stops require reasonable suspicion of criminal activity.[9] Reasonable suspicion is something less than probable *1168 cause to arrest and requires that police officers have sufficient knowledge of facts and circumstances to justify an infringement of the individual’s right to be free from government interference.[10] Absent reasonable suspicion, an investigatory stop is illegal and the evidence seized as a result is suppressible.[11]
The determination of reasonable grounds for an investigatory stop does not rest on the officer’s subjective beliefs or attitudes, but is dependent on an objective evaluation of all the circumstances known to the officer at the time of his challenged action.[12] In determining whether an officer acted reasonably in such |7circumstances, a reviewing court must take into account the totality of the circumstances, giving deference to the inferences and deductions of a trained police officer that might elude an untrained person.[13]
Under certain circumstances, an anonymous tip can provide reasonable suspicion to detain and question a person. Generally, there must be some corroboration of the anonymous tip and the tip must contain predictive information regarding the future behavior of the reported suspect.[14] Whether an anonymous tip establishes reasonable suspicion to conduct an investigatory stop is considered under the totality of the circumstances.[15] The sufficiency of an anonymous tip under Terry is determined by the reliability of its assertion of illegality and not just its tendency to identify a determinate person.[16] “If the tip has a relatively low degree of reliability, more information will be required to establish the quantum of suspicion than would be required if the tip were more reliable.”[17]
The anonymous caller’s ability to predict the suspect’s future behavior goes towards reliability, as it demonstrates inside information and a special familiarity with the suspect’s affairs.[18] Predictive ability is not always necessary; a non-predictive tip coupled with police corroboration or independent police observation of suspicious activity can provide the police with the requisite reasonable suspicion to detain a suspect.[19]
Pineda argues that the call from an anonymous informant that a red four-door Chevrolet truck parked in an apartment complex which contained suspects |swho were smoking “illegal drugs,” was insufficient to supply Deputy Lee with reasonable suspicion to make a stop. While that may be correct, it does not end our query. The Louisiana Supreme Court has found that the police are not powerless to act on non-predictive, anonymous tips they re *1169 ceive.[20] If, after corroborating the readily observable facts, the officer notices unusual or suspicious conduct on Pineda’s part, as Deputy Lee did here, he or she would have reasonable suspicion to detain the suspect.[21]
In the matter before us, the additional corroborating information obtained once Deputy Lee arrived at the scene must be taken into account when determining whether reasonable suspicion exists. Deputy Lee did not rely on the anonymous informant’s call that people were smoking illicit narcotics in the parking lot of an apartment complex for reasonable suspicion to justify an investigatory stop. Rather, Deputy Lee testified that she was patrolling her assigned district when she received the subject call. When Deputy Lee arrived at the apartment complex, she immediately observed the red four-door Chevrolet truck with two people sitting inside, as reported by the tipster. She heard the comment regarding “blunt” and smelled marijuana. The smell of marijuana has repeatedly been held to be sufficient to provide reasonable suspicion that criminal activity is afoot.[22] Based on the totality of the circumstances, we find Deputy Lee possessed the requisite reasonable suspicion to believe that Pineda had committed or was going to commit a crime, thus, justifying the subsequent stop.
After observing the “white baggy” in plain view while the occupants were exiting the vehicle, Deputy Lee retrieved the bag, and Pineda and the passenger 18were placed under arrest and Miran-dized.[23] Under the “plain view” exception of the warrant requirement, we find that Deputy Lee had the authority to seize the “white baggy.” Police may seize evidence under the “plain view” doctrine when: 1) there is prior justification for an intrusion into the protected area; and 2) it is immediately apparent, without close inspection, that the items seized are evidence or contraband.[24] The “plain view” exception does not require a police officer to be certain that the object in plain view is contraband; it simply requires that the officer has probable cause to believe the item in question is either evidence and/or contraband.[25]
In conclusion, we find that, after an objective evaluation of all the circumstances known to Deputy Lee at the time of the stop, the information provided by the anonymous call did not supply the reasonable suspicion in this case. However, the corroborating observations made by Deputy Lee provided her with reasonable suspicion to believe criminal conduct was afoot prior to conducting the stop and subsequent search of Pineda’s vehicle in this case. Accordingly, we find no merit in this assignment.
*1170 Pineda was also charged with possession of marijuana and misdemeanor possession of drug paraphernalia, both misdemeanor crimes in connection with the same incident. He pled guilty to these crimes after his motion to suppress was denied. Pine-da filed a writ in this Court seeking review of those convictions and subsequent sentences.[26] That matter was referred to this appellate panel for consideration. In the writ application, Pineda makes the same arguments regarding | inthe motion to suppress that we find to be without merit in this appeal. Accordingly, we hereby deny the writ application as moot.
We have completed a review of this case for errors patent on the record and find no errors that require our correction. Accordingly, we affirm Pineda’s conviction and sentence.

AFFIRMED

. 338 So.2d 584 (La. 1976).

. It was further ordered that Pineda’s sentence was to be served concurrently with misdemeanor possession of marijuana and possession of drug paraphernalia sentences imposed in case No. 10-5875. Additionally, the record reflects that Pineda’s probation officer filed a Motion and Order for Hearing to Revoke Probation on May 17, 2011; however, the disposition of the hearing is unknown.

. 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

. This argument was based on State v. Atkins, 05-823 (La.App. 5 Cir. 3/14/06), 926 So.2d 591.

. State v. Burns, 04-175 (La.App. 5 Cir. 6/29/04), 877 So.2d 1073, 1075.

. La.C.Cr.P. art. 703(D).

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. La.C.Cr.P. art. 215.1(A).

. State v. Boss, 04-457 (La.App. 5 Cir. 10/26/04), 887 So.2d 581, 585.

. State v. Chauvin, 06-362 (La.App. 5 Cir. 10/31/06), 945 So.2d 752, 757-58.

. State v. Boss, supra, at 585.

. State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879, 880 (per curiam).

. State v. Sam, 08-220 (La.App. 5 Cir. 6/19/08), 988 So.2d 765, 769, writ denied, 08-1984 (La.5/15/09), 8 So.3d 577.

. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); State v. Robertson, 97-2960 (La. 10/20/9 8), 721 So.2d 1268, 1270.

. State v. Boss, 887 So.2d at 586.

. Id.

. Alabama v. White, 496 U.S. at 330, 110 S.Ct. at 2416.

. State v. Boss, supra, at 586

. State v. Triche, 03-149 (La.App. 5 Cir. 5/28/03), 848 So.2d 80, 85, writ denied, 03-1979 (La. 1/16/04), 864 So.2d 625.

. State v. Robertson, 97-2960 (La. 10/20/98), 721 So.2d 1268.

. See also, Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), holding that, an anonymous tip, as corroborated by independent police work, exhibited sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop.

. See, State v. Craft, 03-1852 (La.App. 4 Cir. 3/10/04), 870 So.2d 359, 365, writ denied, 04-0923 (La. 10/1/04), 883 So.2d 1005; State v. Savoie, 09-103 (La.App. 5 Cir. 5/12/09), 15 So.3d 207, 213, writ denied, 09-1306 (La.2/5/10), 27 So.3d 297; and State v. Tate, 09-619 (La.App. 5 Cir. 2/9/10), 33 So.3d 292, 300.

. Miranda v. Arizona, supra.

. Horton v. California, 496 U.S. 128, 135-36, 110 S.Ct. 2301, 2307, 110 L.Ed.2d 112 (1990).

. Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983); State v. Smith, 07-815 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 825, writ denied, 08-0927 (La. 11/14/08), 996 So.2d 1088.

. State v. Pineda, 11-K-894 (La.App. 5 Cir.).