HANS J. LILJEBERG, Judge.
I ¡¿Defendant, Tori L. Jones, appeals the trial court’s denial of his motion to quash, in- which alleged that the statute under which he was prosecuted, La. R.S. 15:542, is unconstitutional. For the following reasons, we affirm. ■' < '

PROCEDURAL BACKGROUND

Defendant was charged with failure to maintain his registration as a sex offender by failing to provide community notification, in violation of La. R.S. 15:542. He was arraigned and pled not guilty. Defendant filed a motion to quash, arguing that the provisions of Louisiana law requiring sex offenders to register and providing penalties for sex offenders who fail to register áre unconstitutional because they fail to account for the possibility of indigent sex offenders.[1] After a hearing, the trial court denied defendant’s motion to quash.
| ¡¡Thereafter, on the same date as the motion hearing, defendant withdrew his not guilty plea and entered a guilty plea pursuant to the provisions of State v. Crosby,[2] spécifically reserving his right to appeal the trial court’s ruling on his motion *1220 to quash. Pursuant to the terms of the plea agreement, defendant was sentenced to two years imprisonment at hard labor, to run concurrently with his sentences in case number 488-068 in Orleans Parish and case number 99-1283 in Jefferson Parish. Defendant now appeals, challenging the ruling on his motion to' quash.
FACTS .
Defendant pleaded guilty to failure to maintain his registration as a sex offender, instead of proceeding to trial. During the plea colloquy, the State provided the following factual basis for the plea: ’
... if the State would proceed to trial.it would prove beyond a reasonable doubt that in the Parish of Jefferson, Tori L. Jones on September 5, 2014 and September 30, 2014 violated Louisiana Revised Statute 15:542, and that he did fail to maintain his registration as a sex offender by failing to make his community notification.
At the hearing on the motion to quash, defendant testified and admitted that he did not comply with the sex offender registration requirements provided by law. He stated that he “never had a problem with complying” with .the registration requirements but that he “didn't physically have the money to pay for the community notification” and was told that he “couldn’t get an extension of time and they didn’t want to take partial payment.”

LAW AND DISCUSSION

In his sole assignment of error on appeal, defendant asserts that the trial court erred by denying his motion to quash, in which he alleged that the statute |4under which he was prosecuted is unconstitutional. He contends that the motion to quash should have been granted, because he is indigent and thus, it was impossible for him to comply with the sex offender registration requirements. Defendant avers that he tried to follow the dictates of the law and that he should not be made to serve additional time in prison because he could not pay the entirety of the registration fee and the costs associated with community notification.
In his motion to quash filed in the trial court, defendant argued that Louisiana law requiring sex offenders to register and providing penalties for sex offenders who fail to register, is facially unconstitutional because it fails to account for the possibility of indigent sex offenders. He argued that the-registration requirements are a financial burden and that Louisiana should provide exceptions for indigent sex offenders, like some other states do. He further argued that it is unconstitutional to place someone in prison based on! the fact' that he is indigent.
The State responded that defendant’s indigent status does not make him immune to the requirements of the law. In support of its position, the State cited State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001), and Smith v. State, 10-1140 (La.1/24/12), 84 So.3d 487, wherein the Louisiana Supreme Court examined and upheld the requirements and obligations of sex offenders. The State also cited this Court’s decision in State v. Muth, 13-1003 (La.App. 5 Cir. 6/24/14), 145 So.3d 496, which affirmed the defendant’s conviction for failure to register as a sex offender by failing to provide community notification after reviewing the defendant’s sentence for unconstitutional excessiveness.
*1221 After, a hearing, the trial court denied defendant’s motion to quash, .stating:.
... the Court is bound by the State v. Muth decision, the Olivieri v. State decision, and the Smith v. State decision cited in the State’s Memorandum and Opposition to the | .^motion. The Court is cognizant of the situation, not unsympathetic, but bound by the law. So the Court is going to deny the motion.,
A motion to quash is essentially á mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La. C.Cr.P. art. 531-534; State v. Lewis, 10-1022 (La.App. 5 Cir. 9/27/11), 75 So.3d 495, 500. It is treated much like an-exception of no cause of action in a civil suit. State v. Dufrene, 02-1083 (La.App. 5 Cir. 4/8/03), 846 So.2d 46, 48. In considering a motion to quash, a court must accept as true the facts contained in the bill of information, and.determine as a matter of law and from the face of the pleadings, whether a crime has been charged. Lewis, 10-1022 at 6, 75 So.3d at 500. Generally, the trial judge’s denial of a motion to quash should not be reversed in the absence of a clear abuse of the trial court’s discretion. State v. Lommasson, 11-536 (La.App. 5 Cir. 11/29/11), 81 So.3d 796, 799.
In his motion to quash, defendant raised the constitutionality of La. R.S. 15:542. Statutes are presumed valid and their constitutionality should be upheld whenever possible. State v. Griffin, 495 So.2d 1306, 1308 (La.1986). The burden of clearly establishing unconstitutionality-rests upon the party who attacks the statute. . State v. Hair, 00-2694 (La.5/15/01), 784 So.2d 1269, 1274. In determining the constitutionality of a statute, courts must follow, the basic rules of statutory construction.. Id. Louisiana criminal statutes must be “given a genuine construction, according to the fair import of their words, taken in their usual- sense, in connection with the context, and with reference to the purpose of the .provision.” La. R.S. 14:3. Moreover, the Louisiana Legislature has sole' authority under the Louisiana Constitution to define conduct as criminal and to provide penalties for such conduct. La. Const. art. 3, § I; State v. Granier, 99-3511 (La.7/6/00), 765 So.2d 998, 1000.
|BIn the .-present case, defendant was charged under the statutory scheme, La. R.S. 15:540, et seq., requiring sex offenders, sexually violent predators, and child sexual predators to register with state and local law enforcement agencies. Defendant pleaded guilty to failure to maintain his registration as a sex offender, as required by La. R.S. 15:542, ■ having been previously convicted of carnal knowledge of a juvenile in violation of La. R.S. 14:80.[3]
In Olivieri, supra, the Louisiana Supreme Court considered an ex post facto challenge to the sex offender registration provisions and addressed the.issue of costs associated .with sex offender registration. After evaluating the provisions of .the sex offender statutes, the Court first noted that the legislative intent behind the statutes was to alert the public for the purpose of public safety, , a remedial intent, and not to punish convicted sex offenders. Olivieri, 00-0172 at 19, 779 So.2d at 747. The Court found that although the registration requirements impose the burden of community notification bn convicted sex offenders and the costs of compliance are “weighty,” the cost's were a necessary part of the regulatory scheme of the'- legislation *1222 at the time of the offénder’s release. Id: at 749. Accordingly, the Louisiana Supreme Court held that the provisions did not violate the constitutional prohibition against the enactment of ex post'facto laws. Olivieri, 00-0172 at 21-25, 779 So.2d at 748-50.
In Smith, supra, the Louisiana Supreme Court considered another ex post facto challenge to the sex offender registration provisions. The Court found that the sex offender statutes are “not so obtrusive as to deem them punitive rather than remedial or regulatory,” and that while the requirements “may bé harsh” and “may impact a sex offender’s life in a long-lived and intense manner, and also be quite 17burdensome to the sex offender,” the Court did not find them to constitute an infringement on the principles of ex post facto. Smith, 84 So.3d at 499.
In State v. Flores, 14-642 (La.App. 5 Cir. 12/23/14),. 167 So.3d 801, the defendant challenged the sufficiency of his conviction for failure to register as a sex offender, arguing that it was illegal “to convict someone of a felony offense and incarcerate them for a violation of the sex offender registration requirements when they simply can’t pay the costs of the registration.” This Court found no merit in the defendant’s argument and stated that the “economically harsh results of [the] well justified system of public notification is not the result of governmental action, but as a consequence of the sex offenders’ crimes.” Flores, 14-642 at 8, 167 So.3d at 807 (citing Olivieri, 00-0172 at 24, 779 So.2d at 749).
In the present case, defendant asserts that an indigent person may not be incar-, cerated because he is unable to pay a fine which is part of his sentence, citing State v. Jones, 588 So.2d 805 (La.App. 2 Cir.1991). While we agree that the law provides that an indigónt person may not be incarcerated because he is unable to pay a fine which is part of his sentence, we note that the costs and fees associated with complying with the sex offender registration statutes are not fines that áre part of a sentence. The Louisiana Supreme Court has consistently held that the provisions of the sex offender registration statutes are not punitive and the financial burden of the public notification process is not a separate punishment for an offense but, rather, a condition of an offender’s release on parole or probation. See Olivieri, supra; State v. Golston, 10-2804 (La.7/1/11), 67 So.3d 452; State v. I.C.S., 13-1023 (La.7/1/14) 145 So.3d 350.
Considering the record before us, along with the applicable law, we find that defendant has not shown that La. R.S. 15:524 is unconstitutional, and the trial court |sdid not abuse its discretion in denying defendant’s motion to quash. Accordingly, this assignment of error is without merit.

ERRORS PATENT

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that defendant received an illegally lenient sentence, because the trial court did not impose the mandatory fine provided by La. R.S. 15:542.1.4(A)(1), which states:
A person who ... fails to provide community notification as required by the provisions of this Chapter ... shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence.
This Court has, as a matter of discretion pursuant to La. C.Cr.P. art. 882, routinely *1223 declined to correct an illegally'lenient sentence for failure to impose a fine when the defendant is indigent. See State v. Campbell, 08-1226, p. 8 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842. In the present case, defendant is represented by the Louisiana Appellate Project, which: provides appellate services for indigent criminal defendants in non-capital felony cases.' Due to defendant’s indigent status, we decline to remand this matter for imposition of the mandatory fine.

DECREE

For the foregoing reasons,- we affirm defendant’s conviction and sentence.

AFFIRMED

WICKER, J., dissents with reasons.

. Defendant subsequently filed an amended motion to quash. However, the amendment only added instructions to serve the Louisiana Attorney General; the substance of this motion is the same as the original motion to quash. .

. See State v. Crosby, 338 So.2d 584, 586 (La.1976), which allows a defendant to plead *1220 guilty while reserving the right to appeal a pre-trial ruling,

. See State v. Jones, 13-0098 (La.App. 5 Cir. 9/4/13), 125 So.3d 1169.