GUIDRY, Justice.
| tThis case presents questions of statutory interpretation regarding amendments to Louisiana’s sex offender registration statutes, La.Rev.Stat. 15:540 et seq. We granted the State of Louisiana’s writ application to determine whether the court of appeal erred in finding that the amendments did not apply to the offender in this case, because application of those amended statutes would violate the prohibition set forth in the ex post facto clause of the state and federal constitutions. The offender in this case was convicted of two sex offenses prior to the enactment of the amendments to the sex offender registra *489 tion statutes but before his initial registration period had expired. The amendments at issue here increased the duration an offender is obligated to register and created a new requirement for sex offender designation codes on drivers’ licenses and identification cards. For the reasons set forth below, we reverse the ruling of the court of appeal, which found the 1999 amendment to former La.Rev.Stat. 15:542.1(H), providing for a lifetime requirement to register for multiple offenders, did not apply to persons convicted of a sex offense prior to July 1997, and that the restriction code to be placed on an offender’s driver’s license or identification card requirements added by the legislature in 2006 also did not apply to the offender in this case.
LFACTS AND PROCEDURAL HISTORY
The relevant facts in this case are not in dispute. In 1995, Jimmy L. Smith was convicted of two sex offenses in separate jurisdictions. These offenses occurred on the same evening, when the then nineteen-year-old had sex with the victim, a female under the age of 17, in the back of a truck while a friend drove them from East Baton Rouge Parish to East Feliciana Parish. On June 16, 1995, Mr. Smith entered a plea of nolo contendere in the 20th Judicial District Court, parish of East Feliciana, to indecent behavior with a juvenile, a violation of La.Rev.Stat. 14:81. In accordance with a plea agreement, the trial court sentenced Mr. Smith to three years at hard labor. On July 25, 1995, Mr. Smith then entered a plea of guilty in the 19th Judicial District Court, Parish of East Baton Rouge, to carnal knowledge of a juvenile, a violation of La.Rev.Stat. 14:80. Pursuant to a plea agreement, Mr. Smith was sentenced to three years at hard labor to be served concurrently with the East Felicia-na Parish sentence. In addition, because both of Mr. Smith’s offenses are defined as a “sex offense” under Louisiana law, La. Rev.Stat. 15:542(E), Mr. Smith was subject to the sex offender registry provisions, La.Rev.Stat. 15:540, et seq., which at the time of his convictions required him to register for a period of ten years after being released from prison.[1]
Mr. Smith was released from prison and placed on parole supervision on December 12, 1996, after serving approximately eighteen months of his sentence. Following his release from prison, Mr. Smith met with his parole officer, who reviewed with him the applicable sex offender registration and notification requirements under La.Rev.Stat. 15:540, et seq. During the interview, Mr. Smith informed his parole officer of his intention to move to Mississippi. On December |s24, 1996, following the direction of his parole officer, Mr. Smith registered as a sex offender with the Wilkerson County Sheriffs Office in Mississippi.
Mr. Smith claims he maintained his registration in Mississippi from 1996 until 2003, when he moved back to Louisiana. The Mississippi Department of Corrections notified the State of Louisiana on August 13, 1998, that it was “closing interest” on Mr. Smith “due to expiration,” presumably because Mr. Smith’s sentence and term of *490 probation ended at that time. From the time Mr. Smith completed his parole in 1998, there is no record that he was registered as a sex offender in Mississippi.
Mr. Smith returned to Louisiana in 2003. Though he claims to have registered in Louisiana at that time, the first record of his registration in Louisiana is in January of 2005. Mr. Smith renewed his registration in 2006 but failed to do so in 2007 and 2008. The hearing transcript reveals that Mr. Smith believed his duty to register as a sex offender ended in December 2006, ten years from the date of his initial registration in Mississippi.
In 2009, the State of Louisiana contacted Mr. Smith to inform him of various amendments to the statutes governing the sex offender registration periods, which now require a multiple sex offender to register for life.[2] Mr. Smith then registered as a sex offender in West Feliciana Parish in January 2009; however, one month later he filed a petition seeking to enjoin various state agencies from enforcing the sex offender registration law.[3] Mr. Smith argued that by subjecting him to the ^amendments of the sex offender registration statutes after he had completed his ten-year registration period, the State of Louisiana was violating the ex post facto clauses of the constitutions of Louisiana and the United States. See La. Const. Art. I, § 28 and U.S. Const. Art. I, § 10. The district court denied Mr. Smith’s request for an injunction, and found that he was obligated under the current version of La.Rev.Stat. 15:544 to maintain his sex offender registration for the duration of his life.
The First Circuit reversed, finding Mr. Smith’s obligation to register, under the law in effect at the time of his conviction, had terminated in December 2006, ten years after his initial registration in Mississippi. Smith v. State, 09-1765, 09-1169 (La.App. 1 Cir. 3/26/10), 2010 WL 1173071 (unpublished). The court of appeal found the 1999 amendment to former La.Rev. Stat. 15:542.1(H), creating the lifetime duty to register, did not apply to Mr. Smith because it excluded persons convicted of a sex offense before July 1, 1997. In addition, the court of appeal found the subsequent amendments in 2007 and 2008 to La.Rev.Stat. 15:544 also did not apply to Mr. Smith because their application would violate ex post facto principles.
LAW AND DISCUSSION

I. 1999 Amendment

The State contends Mr. Smith has a lifelong registration obligation under two enactments: 1999 La. Acts, No. 594, which amended La.Rev.Stat. 15:542.1(H) (now found in La.Rev.Stat. 15:544), and 2007 La. Acts, No. 460, which amended La.Rev.Stat. 15:544(B). These enactments impose a lifelong registration obligation on persons with a prior conviction for an offense requiring registration who are subsequently *491 convicted of an offense that requires registration. The State contends the 1999 enactment applied to Mr. Smith because it became effective during the initial ten-year period during which Mr. Smith was obligated to register. For the reasons that follow, we agree the 1999 amendment to former |fiLa.Rev.Stat. 15:542.1(H) applied to Mr. Smith to extend his obligation to register as a sex offender for the duration of his life.
As noted previously, the statutory provisions governing the sex offender registration requirements are found in La.Rev. Stat. 15:540 et seq. In 1995, at the time of Mr. Smith’s two convictions for sex offenses, La.Rev.Stat. 15:542 provided in part:
A. Any adult residing in this state who has pled guilty or has been convicted of any sex offense shall register with the sheriff of the parish of the person’s residence. ⅜ * *
E. “Sex Offense” for the purpose of this Chapter means a violation of any provision of Subpart C of Part II, Sub-part B of Part IV, or Subpart A(l) or A(4) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, committed on or after June 18, 1992, or committed prior to June 18, 1992 if the person, as a result of the offense, is under the custody of the Department of Public Safety and Corrections on or after June 18, 1992. A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state which is equivalent to an offense provided for in this chapter.[4]
At the time of Mr. Smith’s convictions, the registration period for all sex offenders was ten years. La.Rev.Stat. 15:544(A) then provided in pertinent part:
A person required to register under R.S. 15:542 shall comply with the requirement for a period of ten years after the conviction, if not imprisoned during that period in a penal institution, full-time residential treatment facility, hospital, or other facility or institution pursuant to the conviction. If the person required to register is imprisoned or confined to a penal institution, full-time residential facility, hospital, or other facility or institution pursuant to the conviction, he shall comply with the registration provision for a period of ten years after release from his confinement or imprisonment. A convicted sex offender’s duty to register terminates at the expiration of ten years from the date of initial registration provided that during the ten-year period the convicted sex offender does not again become subject to this Chapter. (Emphasis added).
Therefore, Mr. Smith, as a person who was convicted of violations of La. Rev. Stats. 14:80 and 14:81 committed after the 1992 date provided for in La.Rev.Stat. 15:542(E), was obligated to register as a sex offender for ten years. This | (¡obligation, under the 1995 version of the statutes, would have terminated at the expiration of ten years from the date of initial registration, provided that Mr. Smith did not again commit an offense for which registration is required. In 1996, Mr. Smith was released from prison and registered as a sex offender in Mississippi. Therefore, Mr. Smith, at a minimum, remained under the obligation to register as a sex offender until 2006, and, thus, he was subject to that requirement when the governing provisions were amended in 1999.
*492 After the 1999 amendment, former La. Rev.Stat. 15:542.1 provided in part:
A. Any person convicted of a sex offense as defined in R.S. 15:542(E) or of a criminal offense against a victim who is a minor as defined in R.S. 15:541(14) after July 1, 1997 shall have the duty to register and report under the provision of this Chapter. * * *
H. (3) The following persons shall be required to register for life:
(a) Any person with a prior conviction for an offense for which registration under this chapter is required.
The court of appeal found that this amended provision did not apply to Mr. Smith because it appeared in a section in which the duty to register was limited to convictions obtained after July 1, 1997, as provided for in former La.Rev.Stat. 15:542.1(A), while Mr. Smith’s convictions occurred in 1995. The State contends the court below erred because the qualifying date “after July 1, 1997” in former La.Rev. Stat. 15:542.1(A) should be construed as modifying “of a criminal offense against a victim who is a minor as defined in La.Rev. Stat. 15:541(14)” and not as modifying “of a sex offense as defined in La.Rev.Stat. 15:542(E).” For the following reasons, we conclude “after July 1, 1997” modifies only the immediately preceding class of offenders in the former La.Rev.Stat. 15:542.1(A), as urged by the State, and not to the entire Subsection, as found by the court of appeal below.
The starting point in the interpretation of any statute is the language of the statute itself. Cat’s Meow, Inc. v. City of New Orleans, 98-0601, p. 15 (La.10/20/98), 720 So.2d 1186, 1198; Touchard v. Williams, 617 So.2d 885 (La.1993). Legislation is the solemn expression of legislative will, and therefore, the interpretation of a law involves primarily the search for the legislature’s intent. La. Civ.Code art. 2; Barbara Landry v. Louisiana Citizens Property Ins. Co., 07-1907, p. 20 (La.05/21/08), 983 So.2d 66, 79; Detillier v. Kenner Regional Med. Ctr., 03-3259, p. 3 (La.7/6/04), 877 So.2d 100, 103. La. Civ.Code art. 9 provides that, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La.Rev.Stat. 1:3; La. Civ.Code arts. 12 and 13; Conerly v. State, 97-0871, p. 4 (La.7/8/98), 714 So.2d 709, 711. Where two statutes deal with the same subject matter, they should be harmonized if possible. La. Civ.Code art. 13; Kennedy v. Kennedy, 96-0741, p. 2 (La.11/25/96), 699 So.2d 351, 358 (on rehearing).
The pertinent language of former La. Rev.Stat. 15:542.1(A) at issue here is:
Any person convicted of a sex offense as defined in R.S. 15:542(E) or of a criminal offense against a victim who is a minor as defined in R.S. 15:541(14) after July 1,1997 shall have the duty to register and report under the provision of this Chapter. (Emphasis added).
The statute references La.Rev.Stat. 15:542(E), which defines sex offense and supplies its own pertinent date:
“Sex Offense” for the purpose of this Chapter means a violation of any provision of Subpart C of Part II, Subpart B of Part IV, or Subpart A(l) or A(4) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, committed on or after June 18, 1992, or committed prior to June 18, 1992 if the *493 person, as a result of the offense, is under the custody of the Department of Public Safety and Corrections on or after June 18, 1992.” (Emphasis added).
Given the plain language of these two statutes, we find that “after July 1, 1997” does not apply to the first part of the sentence in former La.Rev.Stat. |815:542.1(A), which subjected “[a]ny person convicted of a sex offense as defined in La.Rev.Stat. 15:542(E)” to the registration requirements. Not only is that clause separated by the disjunctive “or”, but also La.Rev.Stat. 15:542(E) contained its own provision defining sex offenses as those committed after June 18,1992. This rationale is supported by the fact that, unlike the definition of sex offense in La.Rev. Stat. 15:542(E), the definition of “criminal offense against a victim who is a minor” found in La.Rev.Stat. 15:541(14) did not provide a date. Consequently, the legislature provided for a beginning date applicable to registrants convicted of a “criminal offense against a victim who is a minor” in former La.Rev.Stat. 15:542.1(A). Furthermore, were we to construe the qualifying language “after July 1, 1997” to apply to sex offenses under La.Rev.Stat. 15:542(E), it would render meaningless the June 18, 1992 date found in that very same section, thereby creating a window for sexual offenders not subject to registration. We must assume every word of the statute serves a purpose, because “it will not be presumed that the Legislature inserted idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless.” ABL Management, Inc. v. Board of Sup’rs of Southern Univ., 00-0798, p. 6 (La.11/28/00), 773 So.2d 131, 135 (citing Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984)).
The timing of the legislature in creating the two pertinent offenses, “criminal offense against a victim who is a minor” and “sex offense,” further demonstrates the legislature’s intent in enacting the statutes. The definition of “criminal offense against a victim who is a minor” set out in La.Rev. Stat. 15:541(14) was created as a category of offender obligated to register in July 1997 — the same date that La.Rev.Stat. 15:542.1 was enacted. Prior to July 1997, there was no registration requirement for an offender convicted of a “criminal offense against a victim who |9is a minor;” therefore, this date correlates directly with the date provided in former La.Rev.Stat. 15:542.1(A). On the other hand, the definition of “sex offense” found in La.Rev.Stat. 15:542(E) was added as a category of offender requiring registration on June 18, 1992. Logically, the July 1,1997 date does not apply to “sex offense” because it was created five years earlier. Acts 1997, No. 1147 enacted new offenses subject to registration requirements, but it also governed offenses previously subject to registration requirements. Therefore, the 1997 date was intended to ensure that registration would apply prospectively only to the offenses formerly not required to register.
We conclude the July 1, 1997 date in former La.Rev.Stat. 15:542.1(A) is applicable only to persons convicted of a “criminal offense against a victim who is a minor.” Because Mr. Smith was twice convicted in 1995 of qualifying sexual offenses, the 1999 amendments to former La.Rev.Stat. 15:542.1 apply to his convictions.

II. Multiple Offenses

Having found Mr. Smith subject to the 1999 amendment, we must next determine whether Mr. Smith is a multiple offender obligated to register for life under former *494 La.Rev.Stat. 15:542.1(H)(3)(a), now La. Rev.Stat. 15:544(B)(2)(c). The State asserts Mr. Smith, who was convicted of a sex offense in June 1995 and again in July 1995, is a multiple offender as defined by that provision. Although Mr. Smith contends the facts giving rise to his convictions occurred on the same date and arose from the same transaction, we find there were two distinct convictions that occurred in different parishes, on different dates, for different crimes.
In State v. Shaw, 06-2467 (La.11/27/07), 969 So.2d 1233, this court examined classification of a multiple offender as it relates to enhancing a sentence under the habitual offender statute. There, we found “no statutory bar to applying |10the habitual offender law in sentencing for more than one conviction obtained on the same date, whether the convictions result from separate felonies committed at separate times or arise out of a single criminal act or episode.” Shaw, p. 20, 969 So.2d at 1245.
Absent any legislative indication to the contrary, we conclude similar reasoning applies in classifying a multiple offender as such under the sex offender registration provisions. The lifetime registration requirement for multiple sex offenders is obviously directed to those offenders demonstrating a proclivity toward sexual offenses. However, we discern no sequen-tiality requirement in the language of the registration statute. Cf. State v. Johnson, 03-2993 (La.10/19/04), 884 So.2d 568 (discussing the habitual offender law set forth in La.Rev.Stat. 15:529.1, which requires the subsequent felony to have been committed after the prior conviction). Former La.Rev.Stat. 15:542.1(H)(3)(a) simply provided that “[a]ny person with a prior conviction for an offense for which registration under this chapter is required” must register for life. La.Rev.Stat. 15:544(B)(2)(c), the current version, requires lifetime registration for a person “with a prior conviction or adjudication for an offense for which registration is required ... who subsequently is convicted of or adjudicated for an offense which requires registration.... ” Thus, under either former La.Rev.Stat. 15:542.1(H)(3)(a) or current La.Rev.Stat. 15:544(B)(2)(c), a person convicted of a qualifying sex offense who at the time of the subsequent conviction has a prior conviction for a qualifying sex offense shall be subject to lifetime registration without regard to whether the convictions result from a single criminal act or episode.
In the instant case, Mr. Smith was first convicted of a qualifying sex offense for indecent behavior with a juvenile in June 1995 in East Feliciana Parish. Thereafter, Mr. Smith was convicted of a second qualifying sex offense, carnal knowledge of a juvenile, in East Baton Rouge, making him a multiple sexual | n offender subject to lifetime registration under either former La.Rev.Stat. 15:542.1 or the current version in La.Rev.Stat. 15:544. Therefore, in 1999, when the legislature increased the period of registration to life for offenders with multiple convictions of a sex offense, Mr. Smith became subject to lifetime registration because he had a prior conviction in East Feliciana Parish for indecent behavior with a juvenile at the time of his subsequent conviction in East Baton Rouge Parish for carnal knowledge of a juvenile.

III. Contradictory Hearing

We next find the court of appeal erred in holding that Mr. Smith could not be required to register for life absent a contradictory hearing. As noted above, *495 under present law the provisions requiring registration for the lifetime of the offender are La.Rev.Stat. 15:544(B)(2)(c) and (E).[5] Based on the plain language [ 12of La.Rev. Stat. 15:544, we find Mr. Smith, as a person twice convicted of a qualifying sex offense, did not have the right to a contradictory hearing before the court could impose upon him a lifetime registration obligation.
After reviewing the relevant provisions of the sex offender law, we conclude the court of appeal was correct in finding that, before an offender’s obligation can be extended for life, Subsection (E) of La.Rev. Stat. 15:544 requires a contradictory hearing and proof that the offender poses a substantial risk of committing another offense requiring registration. However, that is not the case before us. Mr. Smith *496 was not entitled to a contradictory hearing because his obligation to register for life did not arise under La.Rev.Stat. 15:544(E). Instead, he was subject to lifetime registration as provided by former La.Rev.Stat. 15:542.1(H)(3)(a), now found in La.Rev. Stat. 15:544(B)(2)(c). Under La.Rev.Stat. 15:544(E), an offender can be required by the court to register for life, despite the fact that he was initially required only to register for fifteen or twenty-five years as provided in La.Rev.Stat. 15:544(A) and (B)(1). But that time period can only be extended if, after a contradictory hearing, the State proves the offender Imposes a substantial risk of committing another offense requiring registration. As a multiple sex offender, Mr. Smith was obliged under former La.Rev.Stat. 15:542.1(H)(3)(a), now La.Rev.Stat. 15:544(B)(2)(c), to register for the duration of his life. His registration obligation was not modified by the court under La.Rev.Stat. 15:544(E); instead, he became a lifetime registrant as a result of the 1999 amendment adding former La. Rev.Stat. 15:542.1(H)(3)(a). Accordingly, no contradictory hearing pursuant to La. Rev.Stat. 15:544(E) was required.

IV. Credit for Time Registered Outside of Louisiana

The State contends Mr. Smith’s initial registration in Mississippi and the time during which he was registered in that jurisdiction are irrelevant for purposes of Louisianas sex offender registration requirements. Instead, the State argues the ten-year period began to run only from the date Mr. Smith first registered in Louisiana, i.e. in January 2005. Thus, the State argues that 2007 La. Acts, No. 460, which amended La.Rev.Stat. 15:544(B), became effective during the initial ten-year period during which Mr. Smith was obligated to register, even though the effective date of the amendment came more than ten years after Mr. Smith’s release and initial registration in Mississippi.
Nevertheless, having found that Mr. Smith automatically became a lifetime registrant in 1999 when former La.Rev.Stat. 15:542.1 was amended, we need not address whether Mr. Smith should receive credit for the time he was registered in Mississippi. Even assuming Mr. Smith’s ten-year registration period began in 1996 when he initially registered in Mississippi, we find he is obligated to register for the duration of his life as a multiple offender pursuant to former La.Rev.Stat. 15:542.1(H)(3)(a), now La.Rev.Stat. 15:544(B)(2)(c).[6]

\UV. The Driver’s License and Identification Card Statutes

In addition to the registration and notification obligations imposed on sex offenders set forth in La.Rev.Stat. 15:440 et seq., Acts 2006, No. 663 § 2 added La.Rev.Stat. 32:412(1)[7] and La.Rev.Stat. 40:1321(J),[8] *497 which require a restriction code be placed on a driver’s license and an identification card that declares the holder is a sex offender. Because we have found Mr. Smith has a duty to register for life by operation of former La.Rev.Stat. 15:542.1 as amended in 1999, these provisions, added during the time period for which Mr. Smith is required to register, are applicable to him in the same manner we found the 1999 amendment applicable. Accordingly, the court of appeal erred in finding Mr. Smith is not required to carry an identification card or driver’s license that reflects his status as a sex offender.
| KVI. Ex Post Facto Clause
Lastly, we turn to the primary basis for the court of appeal’s ruling: its finding that application of the 2007 and 2008 amendments to Mr. Smith constitutes a violation of the ex post facto clause. We instead find that the period of time a sex offender is obligated to register may be extended during the time of his original registration period without violating the ex post facto clause. The court below held the application to Mr. Smith of La.Rev. Stat. 15:544, as amended by 2007 La. Acts, No. 460, and 2008 La. Acts, Nos. 462 and 816, violates the principles of ex post facto because the lifetime obligation to register for a multiple offender under current law went into effect after Mr. Smith’s obligation to maintain his registration for ten years had expired. That rationale, however, is incorrect, as we have explained above. The provision requiring a lifetime duty to register was added to former La. Rev.Stat. 15:542.1 in 1999, well within Mr. Smith’s original ten-year registration period. Therefore, his registration obligation could be lengthened in 1999 without implicating the ex post facto clause.
Art. I, § 10 of the United States Constitution and La. Const, art. I, § 28 prohibit ex post facto application of the criminal law by the state. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. Here, Mr. Smith had not yet satisfied his original ten-year obligation to register as a sex offender at the time of the 1999 amendment. Therefore, we find the legislative action in extending that requirement did not increase his punishment; instead, it merely extended the civil scheme for registration.
It is well-settled that Louisiana’s sex offender registration requirements are not punitive, but rather, they are remedial and may be applied retroactively without violating the prohibition of the ex post *498 facto clause. In State ex rel. Olivieri, 00-|0172 (La.2/21/01), 779 So.2d 735, this court considered an ex post facto challenge to the sex offender registration provisions. We resolved the issue by holding the registration and notification requirements imposed upon sex offenders to be a legitimate, non-punitive regulatory scheme that did not impose punishment. Id. pp. 19-20, 779 So.2d at 747. Because such provisions were found to be remedial in nature, we concluded that application of the sex offender registration and notification laws to persons convicted before their enactment does not violate ex post facto principles. Id. Similarly, in Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2002), the United States Supreme Court determined that Alaska’s lifetime registration and notification requirements for sex offenders were non-punitive and, thus, did not violate the ex post facto clause.
Most recently, in State v. Golston, 10-2804 (La.7/1/11), 67 So.3d 452, this court upheld the provisions of La.Rev.Stat. 15:560-560.6, governing Sex Offender Assessment Panels (SOAP), against a variety of constitutional challenges. The SOAP provisions entail not only lifetime registration, but also lifetime probation involving electronic monitoring, repeated psychiatric evaluations, and home computer searches. Id. In Golston this court explained that, because the statutory scheme did not set out criminal provisions but instead constituted a regulatory scheme, much like the registration requirements upheld in Olivi-eri, it was not susceptible to a void-for-vagueness challenge. Id., p. 16, 67 So.3d at 463.
After reviewing the foregoing jurisprudence, we find the increase in the number of years Mr. Smith is required to spend as a registered sex offender is not punishment. Accordingly, applying to Mr. Smith the 1999 amendment to former La. Rev.Stat. 15:542.1 does not violate the ex post facto clause.
Similarly, the amendments and provisions added in 2007 and 2008, as well as the 2006 legislation regarding the placement of a restriction code on the 117offender’s driver’s license and identification card, are applicable to Mr. Smith without violating the ex post facto clause. As we explained in Olivieri, p. 20, 779 So.2d at 747, the legislative intent behind the registration statutes is to alert the public for the purpose of public safety, a remedial intent, and not to punish convicted sex offenders. We further explained that, while some of the provisions of the registration statutes may be remotely similar to historical forms of punishment, such as public humiliation, the immediate need for public protection was a corollary of, rather than an addendum to, the punishment of sex offenders. Id. pp. 21-22, 779 So.2d at 748. We further recognized that, although the registration statutes imposed the burden of the public and community notification process on convicted sex offenders, which caused them to have to expend money they were not obligated to pay at the time they committed their offenses, the onus placed on them by the legislation did not constitute a separate punishment for their offense, but rather, it imposed a condition of their release on parole or probation. Id. p. 24, 779 So.2d at 749. Therefore, we found that any costs associated with the conditions of their release were a necessary part of the regulatory scheme. Id. pp. 22-24, 779 So.2d at 748-49.
As we did in Olivieri, we find that the sex offender statutes, as amended in 1999, 2006, 2007, and 2008, to the extent they are applicable to Mr. Smith, are not so obtrusive as to deem them punitive rather than remedial or regulatory. While the extension for life of the time period for *499 registration, as well as the added requirement of notations on Mr. Smith’s driver’s license or identification card, may be harsh, may impact a sex offender’s life in a long-lived and intense manner, and also be quite burdensome to the sex offender, we do not find them to constitute an infringement of the principles of ex post facto. See Olivieri, pp. 24-25, 779 So.2d at 749-50.
^CONCLUSION
For the reasons set forth above, we find the 1999 amendment to former La.Rev. Stat. 15:542.1, providing for a lifetime obligation to register as a sex offender, applies to Mr. Smith as a multiple sexual offender. We further find no violation of the ex post facto clause in the application of the sex offender registration statutes to Mr. Smith. Thus, we reverse the ruling of the court of appeal, and reinstate the district court’s judgment denying Mr. Smith’s petition for injunctive and declaratory relief and ordering him to register as a lifetime sex offender.
REVERSED; DISTRICT COURT JUDGEMENT REINSTATED.

. Chapter 3-B of Title 15, comprising La.Rev. Stat. 15:540 through 549, and providing for registration of sex offenders, see S.B. No. 1111, was added by Acts 1992, No. 388, § 1, eff. June 18, 1992. This enactment created the basic statutory framework for sex offender registration in Louisiana. The original framework included an obligation imposed by La. Rev.Stat. 15:542(A) for persons convicted of any sex offense as defined in La.Rev.Stat. 15:542(E) to register for ten years after release from imprisonment in accordance with La.Rev.Stat. 15:544.

. In 1999, La.Rev.Stat. 15:542.1(H) was amended by Acts 1999, No. 594, § 1, to add (H)(3), which created a lifetime duty to register for "any person with a prior conviction for an offense for which registration under this Chapter is required.” Substantial portions of La.Rev.Stat. 15:542.1 were repealed by Acts 2007, No. 460, § 1, including (H), as the framework was restructured and the lifetime duty to register was moved from La.Rev.Stat. 15:542.1 to La.Rev.Stat. 15:544. Under the same enactment, La.Rev.Stat. 15:542.1 became a notification statute that no longer addressed registration requirements.

. Mr. Smith brought suit against the West Feliciana Parish Sheriff, the West Feliciana Parish District Attorney, the Attorney General of Louisiana, the Louisiana Department of Public Safety and Corrections, the Louisiana State Police and the Louisiana Office of Motor Vehicles.

. It is undisputed that Mr. Smith’s convictions were for sex offenses under La.Rev.Stat. 15:542(E) as both La.Rev.Stat. 14:80 and La. Rev.Stat. 14:81 are included in Subpart A(l) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950.

. The obligation to register as a sex offender for life can be found in La.Rev.Stat. 15:544, which provides in pertinent part:
A. Except as provided for in Subsection B of this Section, a person required to register and provide notification pursuant to the provisions of this Chapter shall comply with the requirement for a period of fifteen years from the date of the initial registration in Louisiana, or the duration of the lifetime of the offender as provided in Subsection E of this Section, unless the underlying conviction is reversed, set aside, or vacated. The requirement to register shall apply to an offender who is pardoned.
B. (1) A person required to register pursuant to this Chapter who was convicted of a sexual offense against a victim who is a minor as defined in R.S. 15:541 shall register and maintain his registration and provide community notification pursuant to the provisions of this Chapter for a period of twenty-five years from the date of initial registration in Louisiana, or the duration of the lifetime of the offender as provided in Subsection E of this Section, unless the underlying conviction is reversed, set aside, or vacated. The requirement to register shall apply to an offender who is pardoned. (2) Any of the following persons required to register pursuant to this Chapter shall register and provide notification for the duration of their lifetime, even if granted a first offender pardon, unless the underlying conviction is reversed, set aside, or vacated: (c) A person with a prior conviction or adjudication for an offense for which registration is required by the provisions of this Chapter, whether or not the prior offense required registration at the time of commission or conviction, who subsequently is convicted of or adjudicated for an offense which requires registration under the provisions of this Chapter.
E. (1) Notwithstanding the provisions of Subsection A or Paragraph (B)(1) of this Section, the court, upon motion of the district attorney, and after a contradictory hearing, shall have the authority to order a person required to register and provide notification pursuant to the provisions of this Chapter to register and notify for the duration of the lifetime of the offender upon a showing by a preponderance of the evidence that the offender poses a substantial risk of committing another offense requiring registration pursuant to this Chapter. The district attorney and the offender may enter into a plea agreement requiring the offender to register and provide notification for the duration of the lifetime of the offender without a contradictory hearing.
(2) Whenever the registration and notification period of a sex offender has been increased to lifetime pursuant to the provisions of Paragraph (1) of this Subsection, upon maintenance of a clean record for the minimum time period applicable to the offense of conviction as provided by the provisions of Subsection A or Paragraph (B)(1) of this Section, the offender may petition the court in the jurisdiction of conviction, or if convicted under the laws of another state, or military, territorial, foreign, tribal, or federal law, in the jurisdiction of the offender’s residence, to be relieved of the registration and notification requirements of this Chapter. The district attorney shall be served with the petition, and the matter shall be set for contradictory hearing. Upon a finding by clear and convincing evidence that the offender has maintained a "clean record” as defined in this Section and that the offender does not pose a substantial risk of committing another offense requiring registration pursuant to this Chapter, the court may order that the offender be relieved of the obligation to register and notify pursuant to this Chapter.

. In Acts 2010, No. 400, § 1, La.Rev.Stat. 15:544 was amended in a manner consistent with the State's approach to calculating time. The amendment clarified that in Subsection (A) the general registration requirement must be complied with "for a period of fifteen years from the date of the initial registration in Louisiana" and in Subsection (B) that the heightened registration requirement for persons convicted of a sexual offense against a minor extends "for a period of twenty-five years from the date of initial registration in Louisiana(Emphasis added). The amendment further added Subsection (C)(2), which provides:
An offender required to register pursuant to the provisions of this Chapter shall only receive credit for the period of time in which he resides in this state and is in compliance with all registration and notification requirements of this state.

. La.Rev.Stat. 32:412(1) sets forth the parameters of the driver's license requirement and provides in part:
*497 I. (1) The Louisiana driver's license, regardless of its class, issued to any person who is required to register as a sex offender pursuant to R.S. 15:542 and R.S. 15:542.1 shall contain a restriction code which declares that the license holder is a sex offender ... the driver’s license shall include the words "sex offender” which shall be orange in color.
(5) The provisions of this Subsection shall apply to all registered sex offenders regardless of the date of conviction.

. La. R.S. 40:1321(J) describes the specificities of the identification cards and provides in part:
J. (1) Any person required to register as a sex offender with the Louisiana Bureau of Criminal Identification and Information, as required by R.S. 15:542 et seq., shall obtain a special identification card issued by the Department of Public Safety and Corrections which shall contain a restriction code declaring that the holder is a sex offender. This special identification card shall include the words "sex offender” in all capital letters which are orange in color ... * * * (3) The provisions of this Subsection shall apply to all sex offenders required to register pursuant to R.S. 15:542 et seq., regardless of the date of conviction.