STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-460

STATE OF LOUISIANA

VERSUS

RANDOLPH MARINONI

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 32828
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

REVERSED.

Emma J. Devillier
Assistant Attorney General
P.O. Box 94005
Baton Rouge, LA 70804-9005
(225) 326-6200
COUNSEL FOR PLAINTIFF/APPELLANT:
    State of Louisiana, Department of Justice

**Adrienne E. Aucoin**
**P. O. Box 66614**
**Baton Rouge, LA 70896-6614**
**(225) 922-2313**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **State of Louisiana, Department of Public Safety & Corrections**

**IN PROPER PERSON:**
**Randolph Marinoni**
**613 N. Deshotel Aveue**
**Kaplan, LA 70548**

**DECUIR, Judge.**

Randolph Marinoni, a criminal defendant who was convicted of simple rape in 1998 and has served his sentence, filed a "motion to clarify sentence" seeking a ruling absolving him of the lifetime requirement to register and provide notification as a sex offender. The trial court granted the motion, finding that because the district attorney failed to request a contradictory hearing on the registration requirements, Defendant was no longer required to continue registering as a sex offender. For the following reasons, we reverse the judgment rendered below.

On November 30, 1998, in Vermilion Parish, Defendant pled guilty to simple rape, a violation of La.R.S. 14:43. Defendant was sentenced to fifteen years at hard labor, with all but eight years suspended, and was ordered to serve five years supervised probation upon his release from prison. Defendant was informed at the time of sentencing of his obligation to register and provide notification as a sex offender. Prior to the Vermilion Parish rape conviction, on June 12, 1998, Defendant pled guilty to one count of simple rape in Iberia Parish. For this conviction which arose from a separate incident, Defendant received the same sentence of fifteen years at hard labor with all but eight years suspended and five years' probation upon release. The sentence imposed in Iberia Parish was ordered to run concurrent to the sentence imposed in Vermilion Parish, and Defendant was again informed of his obligation to register and provide notification as a sex offender.

Defendant was released from prison on October 6, 2001 and, according to the State, began registration as a sex offender. He was released from probation on October 6, 2006. In 2008, Defendant filed a motion to clarify his sentence, but he withdrew that motion less than a month later. The following year, on February 25,

2009, Defendant filed the present motion in which he alleged that the amended sex offender statutory requirements infringed upon his constitutional rights. His motion was served on the Vermilion Parish District Attorney's Office. A subpoena issued to the Attorney General's Office was quashed in July of 2009. The motion was set for hearing on August 13, 2009, and was submitted on briefs. The motion was again set for hearing on November 12, 2010, and the parties were ordered to file briefs.

Finally, on January 10, 2011, Defendant filed a brief in support of his motion. He alleged constitutional infringements on his equal protection and due process rights, as well as a violation of *ex post facto* principles with the application of Louisiana's amended sex offender registration requirements. The State responded by stating that the amendments to the sex offender registration statutes apply retroactively to include the date Defendant was convicted of simple rape, and further explaining that the supreme court has already rejected Defendant's *ex post facto* argument in *State v. Olivieri*, 00-172 (La. 2/21/01), 779 So.2d 735. The trial court determined the amended sex offender registration and notification requirements do not violate the *ex post facto* clauses of the United States Constitution or the Louisiana Constitution, nor do they violate due process and equal protection principles. However, the court determined that a defendant, who has not otherwise agreed to do so in his plea agreement, may be required to register for life as a sex offender only following a contradictory hearing upon motion of the district attorney and only if the district attorney meets the requisite burden of proof. Six months later, in November of 2011, the trial court noted the district attorney had failed to request a contradictory hearing and ordered Defendant "released of any further duty under the sex offender registration/notification laws of the State of Louisiana."

Neither the Louisiana Department of Public Safety & Corrections, which administers the sex offender requirements through the Louisiana State Police, nor the Attorney General's Office were served with, or notified of, Defendant's motion or the trial court's order releasing Defendant from his statutory requirements. Both learned of the order through other means and immediately intervened in this case to file the present appeal.

At the outset, we note the trial court's ruling on Defendant's constitutional arguments was correct. In *State v. Trosclair*, 11-2302, p. 27 (La. 5/8/12), 89 So.2d 340, 357, the court addressed the retroactive application of a lifetime sex offender registration requirement and held:

> After scrutinizing the challenged supervisory provisions as directed by the Supreme Court in [*Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140 (2003)], we find the nonpunitive regulatory goals of public protection far outweigh the punitive aspects of supervision enacted to address the dangers of recidivism. Therefore, we find the provisions at issue here are predominantly nonpunitive in both intent and effect, and their retroactive application to this defendant does not violate the Ex Post Facto Clauses of either the United States or Louisiana Constitutions.

Pursuant to La.R.S. 15:542.1 and La.R.S. 15:544(B)(2)(a) and (c), Defendant is required to register as a sex offender for the duration of his lifetime. He is a multiple, aggravated sex offender, having been convicted of simple rape, an aggravated offense as defined in La.R.S. 15:541(2)(c), in two separate jurisdictions for acts committed on different dates. While in some instances (such as certain juvenile offenders), a sex offender may be entitled to file a petition asking to be relieved of registration requirements, this particular Defendant is not so entitled. The trial court erroneously determined that Defendant was required to comply with lifetime registration and notification rules only after a contradictory hearing requested by the district attorney. The Louisiana Supreme Court addressed this scenario in *Smith v. State*, 10-1140, pp. 11-13 (La. 1/24/12), 84 So.3d 487, 494-96 (footnote omitted):

3

We next find the court of appeal erred in holding that Mr. Smith could not be required to register for life absent a contradictory hearing. As noted above, under present law the provisions requiring registration for the lifetime of the offender are La.Rev.Stat. 15:544(B)(2)(c) and (E). Based on the plain language of La.Rev.Stat. 15:544, we find Mr. Smith, as a person twice convicted of a qualifying sex offense, did not have the right to a contradictory hearing before the court could impose upon him a lifetime registration obligation.

After reviewing the relevant provisions of the sex offender law, we conclude the court of appeal was correct in finding that, before an offender's obligation can be *extended* for life, Subsection (E) of La.Rev.Stat. 15:544 requires a contradictory hearing and proof that the offender poses a substantial risk of committing another offense requiring registration. However, that is not the case before us. Mr. Smith was not entitled to a contradictory hearing because his obligation to register for life did not arise under La.Rev.Stat. 15:544(E). Instead, he was subject to lifetime registration as provided by former La.Rev.Stat. 15:542.1(H)(3)(a), now found in La.Rev.Stat. 15:544(B)(2)(c). Under La.Rev.Stat. 15:544(E), an offender can be required by the court to register for life, despite the fact that he was initially required only to register for fifteen or twenty-five years as provided in La.Rev.Stat. 15:544(A) and (B)(1). But that time period can only be extended if, after a contradictory hearing, the State proves the offender poses a substantial risk of committing another offense requiring registration. As a multiple sex offender, Mr. Smith was obliged under former La.Rev.Stat. 15:542.1(H)(3)(a), now La.Rev.Stat. 15:544(B)(2)(c), to register for the duration of his life. His registration obligation was not modified by the court under La.Rev.Stat. 15:544(E); instead, he became a lifetime registrant as a result of the 1999 amendment adding former La.Rev.Stat. 15:542.1(H)(3)(a). Accordingly, no contradictory hearing pursuant to La.Rev.Stat. 15:544(E) was required.

So it is in the present case. Defendant, as a person twice convicted of a qualifying sex offense, did not have the right to a contradictory hearing before lifetime registration and notification obligations could be imposed upon him.

The trial court also erroneously concluded that because the district attorney did not request a contradictory hearing in this case, Defendant could be relieved of any further obligation. To the contrary, La.R.S. 15:544 clearly provides that offenders with prior sex offense convictions, as well as those convicted of aggravated offenses, are required to register and provide notification for life.

4

Louisiana law provides a trial court with no authority to relieve an offender of this obligation. In fact, La.R.S. 15:542(F)(1) provides in pertinent part:

> [T]he sex offender registration and notification requirements required by this Chapter are mandatory and shall not be waived or suspended by any court. Any order waiving or suspending sex offender registration and notification requirements shall be null, void, and of no effect.

Furthermore, even if Defendant were a member of the category of sex offenders entitled to seek relief from registration requirements, he must do so by filing a petition in a court of proper jurisdiction. He would have to comply with any pertinent service and notification requirements with regard to the appropriate District Attorney's Office, Louisiana Department of Public Safety and Corrections, Office of State Police, and Louisiana Department of Justice, Office of Attorney General. Defendant's motion to clarify his sentence did not comply with these procedural requirements.

We find clear error in the ruling of the trial court in ordering that Defendant be relieved of his statutorily mandated sex offender registration and notification requirements. However, we find no error in the trial court's determination that Defendant has not been deprived of his constitutionally guaranteed rights under the federal and state constitutions.

Accordingly, we hereby reverse the judgment rendered by the trial court. Costs of this appeal are assessed to Randolph Marinoni.

**REVERSED.**