MAX N. TOBIAS, JR., Judge.
hThe ultimate issue in this case is whether Wallace Collins, the accused, is statutorily required to register as a sex offender for his lifetime. The matter comes before us to review a decision of the trial court, granting Mr. Collins’ motion to quash a bill of information that charged him with failing to register and notify as a sex offender or child predator, a violation of La. R.S. 15:542.1.4, for his previous crime of forcible rape. On 16 January 1992, Mr. Collins had been convicted of the crimes of forcible rape (a violation of La. R.S. 14:42.1) and aggravated crime against nature (a violation of La. R.S. M^.l).[1] He was released from incarceration for the crimes on 3 April 1998.[2]
On 1 October 2012, Mr. Collins was charged by bill of information with the crime of failure to register and notify as a sex offender or child predator, to which charge he entered a plea of not guilty. The trial court found no probable cause on [211 January 2013. Thereafter, Mr. Collins filed a motion to quash the bill of information, which the trial court granted. The state timely appeals that judgment.
Mr. Collins argued in the trial court and to us that because at the time of his conviction in 1992 and release from prison in 1998, Louisiana law, La. R.S. 15:544, only required him to register as a sex offender for a period of ten years following his release from incarceration; thus, he contends that he was no longer required to register after 3 April 2008 when his incarceration ceased (and, by implication, any subsequent formal state supervision that continued thereafter).
The state argues that by virtue of Louisiana Acts 2007, No. 460, effective 1 January 2008, the law, La. R.S. 15:544, changed such that Mr. Collins was required to register as a sex offender for his lifetime; further, the state asserts that because the former ten-year period had not lapsed when Louisiana law changed, the length of the reporting was automatically extended for Mr. Collins and those similarly situated.
To the state’s argument, Mr. Collins asserts that the state is asserting a criminal penalty against him in violation of the Article I, § 10, Cl. 1 of the United States Constitution and Article I, § 23 of the 1974 Louisiana Constitution, both of which prohibit ex post facto laws.[3] He asserts that, *1247 as testified to by Detective Orlynthia White of the New Orleans Police Department’s Sex Offender Registration Unit, (a) he had been in near perfect compliance with registration requirements, with the exception of missing ohe'appointment with the Detective |,oWhite, (b) he had been registering as required by law since his release from incarceration, and (c) his only violation was his failure to notify as sex offender after a quarterly meeting of 12 July 2012.
The issues before us have been addressed by the Louisiana Supreme Court in the analogous cases of State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, and Smith v. State, 10-1140 (La.1/24/12), 84 So.3d 487. In Olivieri, the Court held that Louisiana’s sex offender registration requirements are remedial, not punitive, Olivieri, p. 5, 779 So.2d at 753. In Smith, where like in Mr. Collins’ case, the former limited registration period had not lapsed when the legislature extended the reporting period to that of lifetime, the Court unanimously held, relying upon Olivieri and State v. Golston, 10-2804 (La.7/1/11), 67 So.3d 452, that the lifetime registration as a sex offender requirement is not punishment, is to be applied retroactively, and is not violative of the constitutional prohibitions on ex post facto laws. Smith, p. 16, 84 So.3d at 498. The lifetime registration requirement imposed by the legislature has a “remedial intent” only, and
while some of the provisions of the registration statutes may be remotely similar to historical forms of punishment, such as public humiliation, the immediate need for public protection was a corollary of, rather than an addendum to, the punishment of sex offenders. We further recognized that, although the registration statutes imposed the burden of the public and community notification process on convicted sex offenders, which caused them to- have to expend money they were not obligated to pay at the time they committed their offenses, the onus placed on them by the legislation did not constitute a separate punishment for their offense, but rather, it imposed a condition of then-release on parole or probation.... [A]ny costs associated with the conditions of their release were a necessary part of the regulatory scheme. [Internal citations omitted.]
Id., p. 17, 84 So.3d 498. The 2007 amendments, effective 1 January 2008,
are not so obtrusive as to deem them punitive rather than remedial or regulatory. While the extension for life of the time period for registration, ... may be harsh, may impact a sex offender’s life in a long-lived and intense manner, and also be quite burdensome to the sex offender, we do not find them to constitute an infringement of the principles of ex post facto.
Id., p. 17, 84 So.3d at 498-499.
For the foregoing reasons, we reverse the judgment of the trial court that granted Mr. Collins’ motion to quash and remand this case to the trial court for further proceedings.
REVERSED; REMANDED.
BELSOME, J., concurs for Reasons Assigned by Judge LEDET.

. The record on appeal does not reflect whether his convictions were pursuant to a plea of guilty, a plea nolo contendere from which he was found guilty, or following a trial.

. The record before us neither indicates whether he was released on parole on that date nor the length of his original sentence.

. See Colder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798).