WICKER, j.,
dissents with reasons.
hi respectfully dissent. - For the following reasons, it is my opinion ■ that Mr. Jones’ conviction and sentence are unconstitutional under the -facts of this case and that the trial court' erred in denying- Mr. Jones’ motion to quash.
In my opinion, the following uncontro-verted facts are relevant to our analysis of the question presented. On August 16, 1999, Mr. Jones was convicted of carnal knowledgé of a juvenile in violation of La. R.S. 14:80 and sentenced to four years imprisonment at hard labor. Upon his release, Mr. Jones registered as a sex offender and paid all of the requisite fees for registration and community notification in Orleans Parish. Thereafter, Mr. Jones was incarcerated on charges unrelated to the instant proceedings. Upon his release, Mr. Jones again registered in Orleans Parish and paid the registration and community notification fees. After -he was unable to pay his rent in Orleans Parish, Mr. Jones moved to Jefferson Parish, where he timely reported to the Jefferson Parish Sheriffs Office, registered his new address, and paid the fees for registering in Jefferson Parish. The Jefferson Parish Sheriffs Office then notified-Mr, Jones that the cost of making community . notifications, required by the sex offender registration statute, was approximately $580,00. Mr. Jones attempted to make a partial payment of $300.00 and requested an extension of. time tolapay the remaining amount, but he was told that the office would not accept partial payment and would not grant him an extension of time within which to make full payment.
On October 17, 2014; the Jefferson Parish District Attorney filed a bill of information charging Mr. Jones with failure to maintain.his registration as a sex offender by failing to make his community notification .in violation of La.jR.S. 15:542. At his arraignment, Mr-. Jones, pled not guilty and, on March 23, 2015, he filed a motion to quash the bill of infor&ation, arguing that La. R.S. 15:542 was unconstitutional as applied to him because it punished him for his ■ indigency by failing to make an exception for sex offenders who are indigent. After a June 23, 2015 hearing on the motion to quash, the trial court denied Mr. Jones’ motion.- On that same date, Mr. Jones withdrew his not guilty plea and entered a guilty plea pursuant- to State v. Crosby, 338 So.2d 584 (La.1976), wherein he reserved his right to appeal the trial court’s ruling on his motion to quash, and the trial court, sentenced Mr- Jones to two years imprisonment at hard labor, the minimum sentence allowed for a violation of La. R.S. 15:542. On June 25, 2015, Mr. Jones filed a timely motion for appeal, challenging the trial court’s ruling on his motion to quash, which the trial court granted on June 29,2015.
*1224 In my opinion, the jurisprudence cited by the majority does not control in this case. In both State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001), and Smith v. State, 10-1140 (La.1/24/12), 84 So.3d 487, the Louisiana Supreme Court held that the registration and community notification requirements of the sex offender registration statute do not violate the ex post facto clause on the ground that the |astatute’s requirements are remedial rather than punitive' in nature. ' However, the questions presented in those cases are not' at issue in the case at bar. Mr. Jones has not asserted any ex post facto violation, and the imposition of statutorily required fees is not the governmental action of which he .is aggrieved in this case; rather, it is the felony- accusation presented by the bill of information filed against him and the resulting conviction that implicate constitutional concerns as applied to Mr. Jones.
Moreover, the majority’s reasoning, borrowed from State v. Flores, 14-642 (La.App. 5 Cir. 12/23/14), 167 So.3d 801, 807, that “the economically harsh results of [the] well justified system of public notification is not the result of governmental action, but as a consequence of the sex offenders’ crimes,” is not persuasive under the facts of this case. Though the community notification process itself is- a consequence of a sex offender’s crimes, Mr. Jones’ new felony conviction is the result of the government’s refusal to accept-partial payment of the community notification fees and its- refusal to grant Mr. Jones an extension of time within which to pay the remainder of the community notification fees.
Instead, I would find that Mr. Jones’ conviction is unconstitutional under the-Supreme Court’s decision in Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 75 L.Ed.2d 221 (1983), the facts of which bear a strong resemblance to Mr. Jones’ case. In Bearden, the Supreme Court held that a trial court’s imprisonment of an indigent defendant for failure to pay a fine, without determining whether the defendant made “bona fide” attempts to pay the fine or whether adequate alternative methods of punishing the defendant were available, violated the Equal Protection -Clause of the Fourteenth Amendment. In Bearden, the defendant was convicted of felony theft and sentenced to serve probation, which was ^conditioned upon-his payment of a fine and restitution. Id. at 661, 103 S.Ct. 2064. Though the defendant in Bearden initially paid a portion of the fine, after he was laid off from his job and unable to find work, he notified his probation-officer that he would be late with payment of the remaining balance of the fine. Id. The State subsequently filed a petition to revoke his probation and the trial court sentenced the defendant to serve the remainder of his sentence in prison-for failure to pay the balance of the fine. Id. at 663, 103 S.Ct. 2064. The Court reasoned that if the defendant made bona fide, reasonable efforts to pay the fine or restitution but could not do so through no fault of his own, depriving him of his conditional freedom simply because he could not pay the fine would be contrary to the fundamental fairness required by the Fourteenth Amendment. Id. at 672-73, 103 S.Ct. 2064.
During the hearing on his motion to quash, Mr. Jones’ provided uncontroverted testimony regarding the circumstances of his offense. Mr. Jones testified that his status as a sex offender, which is denoted in large, red font on his driver’s license, has caused him great difficulty in obtaining employment since his release. Despite *1225 this difficulty, Mr. Jones initially demonstrated full compliance with the registration and community notification requirements of La. R.S. 15:542 in Orleans Parish. When his inadequate finances required him to move to Jefferson Parish, Mr. Jones timely notified the Jefferson Parish Sheriffs Office of his change of address, submitted the proper registration paperwork, and paid’ all fees attendant thereto. However, the Jefferson Parish Sheriffs Office notified Mr. Jones that the fee for making the requisite community notifications was approximately $580.00, and Mr. Jones was unable to pay that amount. Mr. Jones testified that he attempted to make a partial payment of, $300.00 and requested an extension of time to pay the | ¡^remaining amount of $280.00, but he was told that partial payment was not accepted and extensions were not granted.
Louisiana Revised Statutes 15:540 sets forth the legislative findings and purpose of the sex offender registration statute. It is clear from the intent enunciated in La. R.S. 15:540 that the purpose of the sex offender registration law is to protect communities, aid law enforcement in investigating sex offenders, and enable the quick apprehension of sex offenders. See also State ex rel. Olivieri, 779 So.2d at 747.
Mr. Jones’ uncontroverted testimony at the hearing on the motion to quash reflects that his actions satisfied the legislative goals of the sex offender registration statute. Mr. Jones timely registered his new residence in Jefferson Parish with the Jefferson Parish Sheriffs Office, thereby allowing law enforcement to protect the local community by alerting them of his new residence, aiding local law enforcement in investigating him, and enabling quick apprehension of him if necessary. Moreover, Mr. Jones’ attempted to fully comply with the community notification requirements of the law by requesting to make a partial payment of the community notification fees and requesting additional time to pay the remaining balance of the fees. However, he was denied the opportunity to demonstrate full compliance. '
Accordingly, I would find that Mr. Jones’ made sufficient bona fide efforts to comply-with the sex offender registration statute, and that the State had adequate alternative methods of achieving compliance, such as accepting partial payment and granting Mr. Jones’ request for an extension of time to pay the remaining balance of the community notification fees. The trial court’s denial of Mr. Jones’ motion to quash and the subsequent imposition of a sentence of two years imprisonment at [(¡hard labor effectively punished Mr. Jones- solely for his status as an indigent, in violation of the ■ Fourteenth Amendment’s Equal Protection Clause, under Bearden. Therefore, I would reverse the trial court’s denial- of Mr. Jones’ -motion to quash- and declare the sex offender registration statute unconstitutional as applied to him. >
Finally, the financial implications of the trial court’s disposition in this case in comparison to the relatively slight burden of allowing Mr. Jones to make partial payment and granting him an extension of time to pay the remaining amount shows the absurd financial consequences of his conviction. The trial court sentenced Mr. Jones to two years imprisonment at hard labor. Under the “good time” provision of La. R.S. 15:571.3, Mr. Jones was eligible for a diminution of his sentence for good behavior, reducing the length of his imprisonment to 292 days. According to the Louisiana Department of Corrections, the average cost of incarcerating an inmate at *1226 the facility where Mr. Jones was in custody is $24.39 per day. Therefore, the cost of incarcerating Mr. Jones for his failure to fully pay a $580.00 community notification fee was $7,121.88. Because this estimate is made without consideration of the State’s expenses in prosecuting this case and providing Mr. Jones with an indigent defender both at trial and on appeal, this amount only considers part of the total cost to the State. Though the costs of permitting Mr. Jones to make partial payment of the community notification fee and granting him an extension to pay the remaining balance are not certain, the amount would undoubtedly be miniscule in comparison to the exorbitant costs incurred by the State in this case, and such an alternative measure would simultaneously prevent the deprivation of liberty and fundamental unfairness of imprisoning Mr. Jones solely due to his indigency.
^Accordingly, for the foregoing reasons, I would reverse the trial court’s judgment and grant the defendant’s motion to quash the bill of information against him on the ground that application of La. R.S. 15:542 in his case violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.